1  LYNNE C. HERMLE (STATE BAR NO. 99779)
   lchermle@orrick.com
2  JOSEPH C. LIBURT (STATE BAR NO. 155507)
   jliburt@orrick.com
3  LINDSEY CONNOR HULSE (STATE BAR NO. 258514)
   lhulse@orrick.com
4  ORRICK, HERRINGTON & SUTCLIFFE LLP
   1000 Marsh Road
5  Menlo Park, California  94025
   Telephone:  +1-650-614-7400
6  Facsimile:   +1 650-614-7401

7
   Attorneys for Defendant
8  Broadcom Corporation

9

10              UNITED STATES DISTRICT COURT

11             CENTRAL DISTRICT OF CALIFORNIA

12

13  JENNIFER DAVIES, an individual,        Case No. 8:15-cv-00928-AG-JC

14              Plaintiff,                 **DEFENDANT BROADCOM
                                           CORPORATION'S NOTICE OF
                                           MOTION AND MOTION TO
    v.                                     DISMISS PLAINTIFF'S
                                           COMPLAINT; MEMORANDUM
16  BROADCOM CORPORATION, a               OF POINTS AND AUTHORITIES
    California corporation,                IN SUPPORT THEREOF**

17              Defendant.
                                           Date:     July 27, 2015
18                                         Time:     10:00 a.m.
                                           Dept:     10D
19                                         Judge:    Hon. Andrew J. Guilford

20

21

22

23

24

25

26

27

28

DEFENDANT'S MOTION TO DISMISS [Case No.
                                                      8:15-cv-00928-AG-JC]

1

**TABLE OF CONTENTS**

2

**Page**

3  I.     INTRODUCTION AND STATEMENT OF ISSUES ................................2

4  II.    STATEMENT OF RELEVANT ALLEGATIONS ...................................2

       A.    The Claims ..............................................................................2

5        B.    Plaintiff's Conclusory Factual Allegations...........................3

6            1.    Dodd-Frank Allegations..............................................3

7            2.    Equal Pay Act Allegations .........................................3

          3.    Fraud Allegations.......................................................4

8  III.   ARGUMENT ....................................................................................4

9        A.    The Legal Standard Under Rule 12(b)(6) ............................4

10       B.    The First Claim Fails As A Matter of Law............................5

          1.    Davies Fails to State a Dodd-Frank Violation .................5

11           2.    Davies Fails to State a Violation of Sarbanes-Oxley .................8

12               a.    Davies' Alleged Reporting of Potential Violations of Non-U.S. Laws Does Not Constitute Protected

13                    Activity..........................................................8

14               b.    Davies Fails to Comply with FRCP Rule 9(b), Which Applies to Averments of Fraud in SOX

15                    Cases ..............................................................9

              c.    Davies Did Not Have a "Reasonable Belief" of a

16                    Violation of U.S. Law, Rule, or Regulation .................11

17               d.    Broadcom Did Not Have Knowledge of Any SOX-Protected Activity by Davies .........................13

18            3.    Davies Fails to Show a Causal Connection Between Alleged Whistleblowing Conduct and Any Adverse

19                Action ............................................................14

20       C.    The Second Claim for Violation of the Federal and California Equal Pay Acts Fails As A Matter of Law .........................14

21           1.    The EPA covers pay disputes, not disputes over titles and

22               promotions...................................................15

          2.    Even if this were pled as a discriminatory pay dispute,

23               Davies lacks a prima facie case ................................16

24                a.    Daniels is not an appropriate comparator because a substantial time gap separated their work.....................17

25               b.    Daniels' job and Davies' job did not involve "equal skill, effort, and responsibility".....................18

26       D.    The Ninth Claim for Fraud Fails as a Matter of Law.........................19

27           1.    Davies Fails To Plead Fraud With Specificity.........................19

          2.    Davies Cannot State A Claim for Fraud................................21

28           3.    The Fraud Claim Is Preempted by Workers Compensation.....22

DEFENDANT'S MOTION TO DISMISS
[CASE NO. 8:15-CV-00928-AG-JC]

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TABLE OF CONTENTS**
(continued)

**Page**

    E.    The Tenth Claim for Negligent Misrepresentation Fails on Several Grounds ............................................................................22

IV.    CONCLUSION ........................................................................23

DEFENDANT'S MOTION TO DISMISS
[CASE NO. 8:15-CV-00928-AG-JC]

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**Page**

## Federal Cases

*Allen v. Admin. Review Bd.*,
   514 F.3d 468 (5th Cir. 2008)................................................................. 10, 12, 13

*Arafat v. School Bd. of Broward Cnty.*,
   549 Fed.Appx. 872 (11th Cir.2013) (unpublished)...........................................18

*Asadi v. G.E. Energy (USA) LLC*,
   720 F.3d 620 (5th Cir. 2013)....................................................................6, 7, 8

*Ashcroft v. Iqbal*,
   129 S.Ct. 1937 (2009)........................................................................................4

*Associated Gen. Contractors of California, Inc. v. California State Council of Carpenters*,
   459 U.S. 519, 526 (1983)...................................................................................5

*Banko v. Apple, Inc.*,
   2013 WL 7394596 (N.D. Cal. 2013)...............................................................6, 8

*Baumgardner v. ROA General, Inc.*,
   864 F. Supp. 1107 (D. Utah 1994) ..................................................................19

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007)...............................................................................4, 5, 17

*Benchmark Elec., Inc. v. J.M. Huber Corp.*,
   343 F.3d 719 (5th Cir. 2003) *opinion modified on denial of reh'g*, 355 F.3d 356 (5th Cir. 2003) ..............................................................................................11

*Berman v. Neo@Ogilvy LLC*,
   No. 1:14-CV-523-GHW-SN, 2014 WL 6860583 (S.D.N.Y. Dec. 5, 2014)........6

*Bishop v. PCS Admin (USA), Inc.*,
   No. 05 C 5683, 2006 WL 1460032 (N.D. Ill. May 23, 2006) .....................10, 12

*Burgess v. United States*,
   553 U.S. 124 (2008)...........................................................................................5

DEFENDANT'S MOTION TO DISMISS
[CASE NO. 8:15-CV-00928-AG-JC]

**TABLE OF AUTHORITIES**
(continued)

Page

*Cafasso v. General Dynamics*,
   637 F.3d 1047 (9th Cir. 2010).....................................................................10, 19

*Carcieri v. Salazar*,
   555 U.S. 379 (2009)..........................................................................................5

*Codiga v. Cnty. of Monterey*,
   2009 WL 1636922 (N.D. Cal. June 10, 2009)..................................................17

*Connolly v. Wolfgang Remkes*,
   2014 U.S. Dist. Lexis 153439 (N.D. Cal. 2014)................................................8

*Edwards v. U.S. Fid. & Guar. Co.*,
   848 F. Supp. 1460 (N.D. Cal. 1994).................................................................23

*Englehart v. Career Educ. Corp.*,
   No. 14-444, 2014 WL 2619501 (M.D. Fla. May 12, 2014)............................7, 8

*Forsberg v. Pacific Northwest Bell Telephone Co.*,
   840 F.2d 1409 (9th Cir. 1988)..........................................................................16

*Fraser v. Fiduciary Trust Co.*,
   417 F. Supp. 2d 310 (S.D.N.Y. 2006)...............................................................8

*In re GlenFed, Inc. Securities Litigation*,
   42 F.3d 1541, 1547-1549 (9th Cir. 1994)........................................................19

*Grant v. General Motors Corp.*,
   908 F.2d 1303 (6th Cir. 1990)..........................................................................15

*Harkness v. C-Bass Diamond, LLC*,
   No. CCB–08–231, 2010 WL 997101 (D. Md. Mar. 16, 2010).........................12

*Hein v. Oregon Coll. of Educ.*,
   718 F.2d 910 (9th Cir. 1983)............................................................................17

*Hodgson v. Golden Isles Convalescent Center*,
   468 F.2d 1256 (5th Cir. 1972)..........................................................................16

*Hutchins v. Teamsters*,
   177 F.3d 1076 (8th Cir. 1999)..........................................................................17

- ii -

1

2

**TABLE OF AUTHORITIES**
(continued)

**Page**

3

4

*International Union of Electrical Workers v. Westinghouse Electric Corp.,*
631 F.2d 1094 (3d Cir. 1980)..........................................................................15

5

6

*Johnson v. Wal-Mart Stores, Inc.,*
544 F. App'x 696 (9th Cir. 2013) ...................................................................11

7

8

*Kacludis v. GTE Sprint Communications Corp.,*
806 F.Supp. 866 (N.D.Cal.1992).............................................................22, 23

9

10

*Lavin-McEleney v. Marist Coll.,*
239 F.3d 476 (2d Cir. 2001)...........................................................................17

11

*Livingston v. Wyeth, Inc.,*
520 F.3d 344 (4th Cir. 2008)..........................................................................10

12

13

*Lone Star Ladies Inv. Club v. Schlotzsky's Inc.,*
238 F.3d 363 (5th Cir. 2001)..........................................................................10

14

15

*Lutzeier v. Citigroup Inc.,*
No. 4:14CV183 RLW, 2015 WL 892565 (E.D. Mo. Mar. 2, 2015)...................6

16

17

*Mazzorana v. Emergency Physicians Med. Grp., Inc.,*
2013 WL 4040791 (D. Nev. Aug. 6, 2013) .....................................................18

18

19

*Meese v. Keene,*
481 U.S. 465 (1987)..........................................................................................5

20

21

*Merillat v. Metal Spinners, Inc.,*
470 F.3d 685 (7th Cir. 2006)..........................................................................16

22

*Moss v. U.S. Secret Serv.,*
572 F.3d 962 (9th Cir. 2009).............................................................................4

23

24

*Neubronner v. Miller,*
6 F.3d 666 (9th Cir. 1993)..............................................................................20

25

26

*Platone v. U.S. Dep't of Labor,*
548 F.3d 322 (4th Cir. 2008).............................................................................8

27

28

*Portes v. Wyeth Pharms., Inc.,*
No. 06 Civ. 2689, 2007 WL 2363356 (S.D.N.Y. Aug. 20, 2007) .....................8

- iii -

**TABLE OF AUTHORITIES**
(continued)

**Page**

*Republic of Ecuador v. Mackay*,
  742 F.3d 860 (9th Cir. 2014)............................................................5

*SEC v. Todd*,
  642 F.3d 1207, 1216 (9th Cir. 2011) ..............................................19

*Semegen v. Weidner*,
  780 F.2d 727 (9th Cir. 1985)..........................................................20

*Suzuki v. SUNY-Old Westbury*,
  2013 U.S. Dist. LEXIS 83555 (E.D.N.Y. June 13, 2013)................18

*Tuchman v. DSC Commc'ns Corp.*,
  14 F.3d 1061 (5th Cir. 1994)..........................................................11

*Van Asdale v. Int'l Game Tech.*,
  577 F.3d 989 (9th Cir. 2009)..........................................................11

*Verfuerth v. Orion Energy Sys., Inc.*,
  No. 14-C-352, 2014 WL 5682514 (E.D. Wis. Nov. 4, 2014) ............7

*Vess v. Ciba-Geigy Corp. USA*,
  317 F.3d 1097 (9th Cir. 2003)........................................................10

*Villanueva v. Core Laboratories, NV*,
  ARB Case No. 08-108, ALJ Case No. 2009-SOX-006, at 13 (ARB Dec. 22,
  2011) .................................................................................................9

*Villanueva v. U.S. Dep't of Labor*,
  743 F.3d 103 (5th Cir. 2014)...............................................8, 9, 13

*Wade v. Morton Bldgs., Inc.*,
  2010 WL 378508 (C.D. Ill. Jan. 27, 2010) ....................................17

*Wagner v. Bank of Am. Corp.*,
  No. 12-cv-00381, 2013 WL 3786643 (D. Colo. July 19, 2013)........8

*Welch v. Cardinal Bankshares Corp.*,
  ARB Case No. 05-064, ALJ Case No. 2003-SOX-11, at 11 (ARB May 31, 2007)
  .........................................................................................................12

- iv -

1

**TABLE OF AUTHORITIES**
(continued)

2

**Page**

3

*Welch v. Chao,*

4

   536 F.3d 269 (4th Cir. 2008)..........................................................12

5

*Williams v. WMX Techs., Inc.,*

6

   112 F.3d 175 (5th Cir. 1997)...................................................10, 11

7

*Younts v. Fremont County,*

8

   370 F.3d 748 (8th Cir. 2004)..........................................................18

**State Cases**

9

10

*Cansino v. Bank of America,*

11

   224 Cal.App.4th 1462 (2014)..........................................................21

12

*Hobart v. Hobart Estate,*

13

   26 Cal. 2d 412 (1945) ..................................................................21

14

*Lazar v. Superior Court,*

   12 Cal. 4th 631 (1996) .............................................................11, 19

15

*Miklosy v. Regents of the University of California,*

16

   44 Cal. 4th 876 (2008) .............................................................22, 23

17

*Tarmann v. State Farm Mut. Auto Ins. Co.,*

18

   2 Cal.App.4th 156 (1991) .............................................................22

19

**Federal Statutes**

20

18 U.S.C.S. § 1514A(a)(1)..................................................................13

21

15 U.S.C. 78u-6(h)(1)(A)......................................................................7

22

15 U.S.C. § 78u-6(a) ............................................................................6

23

15 U.S.C. § 78u-6(h)(1)(A)(i)–(ii) .......................................................8

24

29 U.S.C. § 206(d)(1) .........................................................................16

25

29 U.S.C. § 206(d) & ...........................................................................2

26

29 U.S.C.§ 215(a)(3)............................................................................2

27

28

DEFENDANT'S MOTION TO DISMISS
[CASE NO. 8:15-cv-00928-AG-JC]

1

## TABLE OF AUTHORITIES
(continued)

2

**Page**

3
4
Dodd-Frank Wall Street Reform and Consumer Protection Act (15 U.S.C. § 78u-6)
.......................................................................................................2, 6

5
Equal Pay Act .......................................................................................3, 15

6
FCPA ..............................................................................................3, 11, 13

7
Equal Pay Act 29 U.S.C. § 206(d) ........................................................14

8
9
RICO ......................................................................................................10

10
Title VIII of the Sarbanes-Oxley Act ....................................................13

11
Gov. Code § 12940(a)...............................................................................3

12
Gov. Code § 12940(h)...............................................................................3

13
Gov. Code § 12940(k)...............................................................................3

14
Labor Code § 1102.5 ................................................................................3

15
Labor Code § 1197.5 ...........................................................................2, 14

16
17
**Rules**

18
Federal Rule of Civil Procedure 9(b) ............................... 9, 10, 19, 20, 21

19
Rule 11 ......................................................................................................8

20
Rule 12(b)(6) .............................................................................................4

21
22
**Regulations**

23
29 C.F.R. § 1620.1 ..................................................................................16

24
25
26
27
28

1  **TO PLAINTIFF JENNIFER DAVIES AND HER ATTORNEYS OF**

2  **RECORD:**

3      **PLEASE TAKE NOTICE** that on July 27, 2015, at 10:00 a.m. or as soon

4  thereafter as the matter may be heard, before the Honorable Andrew J. Guilford of

5  the United States District Court for the Central District of California, Defendant

6  Broadcom Corporation will and hereby does move the Court for an order

7  dismissing certain claims for relief from Plaintiff Jennifer Davies' Complaint

8  pursuant to Federal Rules of Civil Procedure, Rule 9(b) and Rule 12(b)(6).The

9  Court should dismiss the first claim for violation of the Dodd-Frank Act, the second

10 claim for violation of the California and Federal Equal Pay Act, the ninth claim for

11 Fraud, and the tenth claim for Negligent Representation because they fail to state

12 claims upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6).  Further, Davies

13 does not allege the first claim for violation of the Dodd-Frank Act and the ninth

14 claim for Fraud with specificity as required under the law.  Fed. R. Civ. P. 9(b).

15      The motion is based on this Notice of Motion and Motion, the following

16 Memorandum of Points and Authorities in support thereof, the complete files and

17 records in this action, any reply papers Defendant may file, any matters of which

18 the Court takes judicial notice, and such materials or argument as may be presented

19 to the Court in conjunction with the hearing on this motion.

20      This motion is made following the conference of counsel pursuant to Local

21 Rule 7-3, which took place both in writing and in oral conversation between June

22 15 and June 23, 2015.

23

24

25

26

27

28

## I. INTRODUCTION AND STATEMENT OF ISSUES

Plaintiff Jennifer Davies' Complaint is plainly defective in several key respects. Her First Claim for Relief alleging violation of Dodd-Frank fails because she does not allege that she learned of and disclosed any violations of the specifically enumerated categories of law that would qualify her as a whistleblower under either Dodd-Frank or Sarbanes-Oxley. Davies' Second Claim for Relief, alleging violation of the federal and California Equal Pay Acts, fails as a matter of law because she alleges a dispute over title and promotion, not pay. Moreover, she fails to plead adequately a factual basis that that she was paid less than men for the same job or a job involving "equal skill, effort, and responsibility." Davies' Ninth Claim for Relief, alleging fraud, fails because it is vague and lacks the required specificity. Davies' tenth claim for negligent misrepresentation fails because, as multiple cases confirm, it is preempted by the workers' compensation statutes, which provide the exclusive remedy for such claims.[1]

For all these reasons, and as discussed further below, Defendant respectfully requests that the Court grant its Motion to Dismiss.

## II. STATEMENT OF RELEVANT ALLEGATIONS

### A. The Claims

Davies asserts ten claims for relief:

(1) violation of the Dodd-Frank Wall Street Reform and Consumer Protection Act (15 U.S.C. § 78u-6);

(2) wage discrimination (29 U.S.C. § 206(d) & Labor Code § 1197.5);

(3) retaliation (29 U.S.C.§ 215(a)(3))

---

[1] Broadcom brings this Motion to Dismiss in the alternative to its pending Motion to Compel Arbitration. Broadcom requests that the Court consider and rule on its Motion to Compel Arbitration first, and only reach the instant Motion to Dismiss if the Court denies the Motion to Compel Arbitration. If the Court grants the Motion to Compel Arbitration, then this Motion to Dismiss would be heard by the arbitrator.

1  (4) gender discrimination (Gov. Code § 12940(a));

2  (5) failure to prevent discrimination (Gov. Code § 12940(k));

3  (6) retaliation (Gov. Code § 12940(h));

4  (7) retaliation (Labor Code § 1102.5);

5  (8) wrongful termination in violation of public policy;

6  (9) fraud; and

7  (10) negligent misrepresentation.

8  **B.  Plaintiff's Conclusory Factual Allegations**

9  **1.  Dodd-Frank Allegations**

10  Davies baldly alleges that she is a "whistleblower" under Dodd-Frank

11  (Complaint, ¶¶13, 51) but, critically, she never alleges any reporting of securities

12  laws violations to the SEC.[2]  Davies' vague assertion that she "uncovered

13  fraudulent conduct" and that she reported "the fraud and suspected FCPA

14  violations" to "various Broadcom executives" (Complaint, ¶50) fails to state a

15  claim covered by Dodd-Frank or Sarbanes-Oxley.

16  **2.  Equal Pay Act Allegations**

17  Davies alleges she was discriminated against in compensation based on her

18  gender because Broadcom hired Mark Daniels as a vice president and paid him

19  more than her.  Complaint, ¶¶23-24, 56.  Davies' Complaint lobs several non-

20  specific accusations about how Broadcom is a "boys club" that has allegedly

21  allowed its "male-dominated leadership complete discretion to make promotion and

22  compensation decisions in an unlawfully discriminatory manner."  Complaint, ¶¶3,

23  4.  Importantly, Davies is cryptic at best as to whether, in comparison to Daniels,

24  her responsibilities were substantially similar, lesser, or (as the title differentiation

25  might imply) greater, or at least *different* from her responsibilities.  Complaint,

26  ¶¶24, 25, 56.

27

28  ---

[2] The portions of the Complaint that are redacted do not reference or explain any U.S. securities violations.

### 3.    Fraud Allegations

Davies makes a few vague allegations of alleged statements regarding the possibility for promotion to vice president in certain roles within the company. Complaint, ¶¶102-105.  These purported statements are seriously lacking in the necessary detail and context to support a fraud claim.

## III.   ARGUMENT

### A.    The Legal Standard Under Rule 12(b)(6)

A motion to dismiss under Rule 12(b)(6) should also be granted if the plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009).  *Twombly* and *Iqbal* set forth a two-step process for analyzing the sufficiency of a complaint when challenged via a motion to dismiss. First, the Court must accept as true all factual allegations, but exclude/ignore any "conclusory statements" or "threadbare recitals of the elements."  *Iqbal*, 129 S.Ct. at 1949 (*citing Twombly*, 550 U.S. at 555) ("Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation'"). "[P]leadings that [] are no more than conclusions, are not entitled to the assumption of truth."  *Id.* at 1950; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Second, the Court must determine whether the complaint on its face states a plausible claim for relief.  *Iqbal*, 129 S.Ct. at 1949 (*citing Twombly*, 550 U.S. at 570).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"  *Id.*  (*quoting Twombly*, 550 U.S. at 557).  Therefore, *Twombly* made clear that it is not proper for a court to assume that a plaintiff can

1  prove facts she has not alleged, or that the defendant has violated laws in ways not

2  alleged.  *Twombly*, 550 U.S. at 563 n.8 (*quoting Associated Gen. Contractors of*

3  *California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526

4  (1983)).  If a plaintiff's allegations do not bring her "claims across the line from

5  conceivable to plausible, her complaint must be dismissed."  *Id.* at 570.

6         **B.**    **The First Claim Fails As A Matter of Law**

7             **1.**    **Davies Fails to State a Dodd-Frank Violation**

8        Dodd-Frank creates a private cause of action for persons retaliated against in

9  the wake of providing information **to the SEC**.  It does not provide a cause of

10  action for those who simply allege they were retaliated against for having spoken

11  up **internally**. The plain text of the Dodd-Frank Act clearly and unambiguously

12  limits the private cause of action to "whistleblowers", and more specifically, to

13  retaliation "against a whistleblower." The term "whistleblower" is unambiguously

14  defined in the Act as limited to individuals who provide information **to the SEC**

15  relating to a violation of the securities laws.

16        Where, as here, the statutory text is plain and unambiguous, the court's

17  inquiry begins and ends with the text, and the statute must be applied according to

18  its terms. *See, e.g., Carcieri v. Salazar*, 555 U.S. 379, 387 (2009) (courts "must first

19  determine whether the statutory text is plain and unambiguous" and, "[i]f it is,

20  [courts] must apply the statute according to its terms."); *Republic of Ecuador v.*

21  *Mackay*, 742 F.3d 860, 864-65 (9th Cir. 2014) ("Where the statute's language is

22  plain we do not consider the legislative history or any other extrinsic material. . . .

23  Thus, our inquiry begins with the statutory text, and ends there as well if the text is

24  unambiguous.") (internal citations omitted) (internal quotation marks omitted).

25  Further, when a statute includes an explicit definition, that definition must be

26  followed. *See, e.g., Burgess v. United States*, 553 U.S. 124, 130 (2008); *Meese v.*

27  *Keene*, 481 U.S. 465, 484 (1987).

28

1    Dodd-Frank's whistleblower-protection provision is plain and unambiguous.

2    Section 78u-6 begins by instructing that "[i]n this section the following definitions

3    shall apply." 15 U.S.C. § 78u-6(a). Section 78u-6 provides a definition of the term

4    "whistleblower," which it defines as "any individual, who provides . . . information

5    relating to a violation of the securities laws to the Commission [the SEC]." *Id*. at §

6    78u-6(a)(6) (emphasis added). "This definition, standing alone, expressly and

7    unambiguously requires that an individual provide information to the SEC to

8    qualify as a 'whistleblower' for purposes of § 78u–6." *Asadi v. G.E. Energy (USA)*

9    *LLC*, 720 F.3d 620, 623 (5th Cir. 2013) (emphasis added).

10   Accordingly, numerous cases have dismissed Dodd-Frank claims in which

11   the plaintiff did not provide information to the SEC.  *See, e.g., Asadi*, 720 F.3d at

12   629 (affirming dismissal of Dodd-Frank retaliation claim because Dodd-Frank's

13   "whistleblower-protection provision unambiguously requires individuals to provide

14   information relating to a violation of the securities laws *to the SEC* to qualify for

15   protection from retaliation") (emphasis in original); *Banko v. Apple*, Inc., 20 F.

16   Supp. 3d 749, 755-57 (N.D. Cal. 2013) (dismissing Dodd-Frank retaliation claim

17   because "the statute is not ambiguous; the 'whistleblower protection' provided by

18   Section 78u-6(a) is only available to individuals who meet the Dodd-Frank

19   definition of 'whistleblower' found in Section 78u-6(a)" by providing information

20   to the SEC; "allowing individuals who did not report [information] to the SEC to be

21   designated a whistleblower' under [Dodd-Frank] would ignore the plain language

22   of the statute"); *Lutzeier v. Citigroup Inc*., No. 4:14CV183 RLW, 2015 WL

23   892565, at *2–3 (E.D. Mo. Mar. 2, 2015), *order clarified*, No. 4:14CV183 RLW,

24   2015 WL 1033696 (E.D. Mo. Mar. 9, 2015), *motion to certify appeal denied*, No.

25   4:14-CV-00183-RLW, 2015 WL 1821255 (E.D. Mo. Apr. 21, 2015) (dismissing

26   Dodd-Frank retaliation claim because "under the plain language of the Dodd–Frank

27   Act an employee must make a report *to the SEC* to qualify for the anti-retaliation

28   whistleblower protection.") (emphasis added); *Berman v. Neo@Ogilvy LLC*, No.

1   1:14-CV-523-GHW-SN, 2014 WL 6860583 at *4 (S.D.N.Y. Dec. 5, 2014)

2   (dismissing Dodd-Frank retaliation claim and following *Asadi* because "the plain

3   language of the Dodd-Frank whistleblower-protection provision creates a private

4   cause of action only for individuals who provide information relating to a violation

5   of the securities laws *to the SEC*.") (emphasis added) (quotations omitted);

6   *Verfuerth v. Orion Energy Sys., Inc*., No. 14-C-352, 2014 WL 5682514, at *3 (E.D.

7   Wis. Nov. 4, 2014) (dismissing Dodd-Frank retaliation claim because "[t]here is no

8   ambiguity in the statute at all" and "[r]eporting to the SEC is the precondition that

9   triggers the anti-retaliation protections of [Dodd-Frank]."); *Englehart v. Career*

10   *Educ. Corp*., No. 14-444, 2014 WL 2619501, at *9 (M.D. Fla. May 12, 2014)

11   (dismissing Dodd-Frank retaliation claim because "the plain language of [Dodd-

12   Frank] limits protection under the Dodd-Frank whistleblower-protection provision

13   to those individuals who provide 'information relating to a violation of the

14   securities laws' to the SEC" and "[i]t is not the role of this Court to second guess

15   the reasoning or providence of unambiguous statutory language or expand explicit

16   definitions within a statute to reach a desired result.").

17        The SEC has issued a regulation that Davies might cite to argue for a broader

18   interpretation of Dodd-Frank, but the only federal court of appeals to address this

19   regulation has rejected the SEC's interpretation.  In particular, the regulation states

20   that "you are a whistleblower if…[y]ou provide information in a manner described

21   in … 15 U.S.C. 78u-6(h)(1)(A)," which does not require reporting violations to the

22   SEC.  In *Asadi v. G.E. Energy (USA), LLC*, the Court of Appeal for the Fifth

23   Circuit rejected the SEC's interpretation, and held that reporting to the SEC is

24   required for protection under Dodd-Frank's whistleblower definition.  720 F.3d

25   620, 629 (5th Cir. 2013) ("Under Dodd-Frank's plain language and structure, there

26   is only one category of whistleblowers: individuals who provide information

27   relating to a securities law violation to the SEC.").  Although some courts have

28   declined to follow *Asadi*, many of them, including the Northern District of

California, have followed *Asadi*. *See Englehart v. Career Educ. Corp*. No. 8:14-CV-444-T-33 EAJ, 2014 WL 2619501, at *9 (M.D. Fla. May 12, 2014); *Banko v. Apple, Inc*. 2013 WL 7394596 at *3-4 (N.D. Cal. 2013); *Wagner v. Bank of Am. Corp*., No. 12-cv-00381, 2013 WL 3786643, at *6 (D. Colo. July 19, 2013); *but see Connolly v. Wolfgang Remkes*, 2014 U.S. Dist. Lexis 153439 (N.D. Cal. 2014).

Here, Davies' Dodd-Frank claim makes no allegations whatsoever of a violation of securities law or any reporting to the SEC. *See* Complaint, ¶¶49-54. Accordingly, her Dodd-Frank claim must be dismissed.

## 2. Davies Fails to State a Violation of Sarbanes-Oxley

Even if internal reporting were protected under Dodd-Frank, Davies' claim still fails because her report was not "required or protected" under Sarbanes-Oxley, so as to fall within protected reporting under section 78u-6(h)(1)(A)(iii) of Dodd-Frank. [3] For several reasons, Davies' Complaint also fails to state a SOX claim.

### a. Davies' Alleged Reporting of Potential Violations of Non-U.S. Laws Does Not Constitute Protected Activity

Where a communication is "barren of any allegations of conduct that would alert [a defendant] that [the plaintiff] believed the company was violating any federal rule or law related to fraud on shareholders," the reporting is not protected. *See Portes v. Wyeth Pharms., Inc*., No. 06 Civ. 2689, 2007 WL 2363356, at *4 (S.D.N.Y. Aug. 20, 2007) (*quoting Fraser v. Fiduciary Trust Co*., 417 F. Supp. 2d 310 (S.D.N.Y. 2006), aff'd, 2010 WL 4009134 (2d Cir. Oct. 24, 2010)). *See also Platone v. U.S. Dep't of Labor*, 548 F.3d 322, 326 (4th Cir. 2008) (employee did not engage in "protected activity" where she failed to identify to employer why billing discrepancies violated securities laws or constituted mail or wire fraud). Thus, in *Villanueva v. U.S. Dep't of Labor*, 743 F.3d 103, 109-10 (5th Cir. 2014),

---

[3] Davies has not alleged, and cannot allege consistent with Rule 11, that her claimed reporting falls into any other category of protected reports under Dodd-Frank, which pertain to providing information to the SEC or testifying or assisting with an SEC investigation. *See* 15 U.S.C. § 78u-6(h)(1)(A)(i)–(ii).

1   the Court held that an employee did not engage in protected activity under SOX

2   where he reported violations of Columbian tax law to his employer without

3   expressing any concern that these issues constituted U.S. mail or wire fraud.

4       In *Villanueva*, the plaintiff claimed that this alleged tax fraud scheme was

5   perpetrated at the direction of executives in the U.S. "using mail, email and

6   telephones to accomplish the fraud." *Id.* at 107.  The Fifth Circuit (as well as the

7   Department of Labor's Administrative Review Board ("ARB"), which issues final

8   agency decisions on behalf of the Secretary of Labor) held that these allegations

9   were insufficient as a matter of law to state a claim of protected activity under

10  SOX.  As the Fifth Circuit explained:

11

12          "[T]he conduct to which [Villanueva] objected was the supposed
orchestration of violations of Columbia tax law, not the violation of U.S.

13          mail or wire laws to effectuate those purported Columbian law violations.
Consequently, Villanueva has not demonstrated that he engaged in any

14          protected activity…."

15  *Id.* at 110.

16      Here, just as in *Villanueva* (and assuming, *arguendo,* that Davies' factual

17  allegations were true), she objected to violations of internal company policy or

18  perhaps Singapore law.  She does not plead that she expressed to anyone at

19  Broadcom (let alone any regulatory agency) concern over violation of "U.S. laws or

20  financial documents filed with the SEC."  *See Villanueva v. Core Laboratories, NV*,

21  ARB Case No. 08-108, ALJ Case No. 2009-SOX-006, at 13 (ARB Dec. 22, 2011).

22  Accordingly, she did not engage in protected activity under SOX.

23            **b.**    **Davies Fails to Comply with FRCP Rule 9(b), Which
Applies to Averments of Fraud in SOX Cases**

24

25      Federal Rule of Civil Procedure 9(b) requires that "in all averments of fraud

26  or mistake, the circumstances constituting fraud or mistake shall be stated with

27  particularity."  Fed. R. Civ. P. 9(b).

28

The reason for this requirement is clear:  "Fraud allegations may damage a defendant's reputation regardless of the cause of action in which they appear, and they are therefore properly subject to Rule 9(b) in every case."  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1104 (9th Cir. 2003).  For this reason, even if a claim is not "grounded in fraud," courts must still "disregard averments of fraud not meeting Rule 9(b)'s standard and then ask whether a claim has been stated."  *Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001); *see also Vess*, 317 F.3d at 1105 ("[I]f particular averments of fraud are insufficiently pled under Rule 9(b), a district court should 'disregard' those averments, or 'strip' them from the claim.").

"Although other aspects of [a Sarbanes-Oxley] retaliation claim need not be pleaded with particularity, Rule 9(b) does require that the fraud violation itself be pleaded with particularity."  *Bishop v. PCS Admin (USA), Inc*. No. 05 C 5683, 2006 WL 1460032, at*9 (N.D. Ill. May 23, 2006) (dismissing SOX claims because complaint did not specifically plead any fraud violation); *see also Vess*, 317 F.3d 1097, 1108 (9th Cir. 2003) (same);  *Williams v. WMX Techs., Inc*., 112 F.3d 175, 180 (5th Cir. 1997) (fraud claims underlying RICO action must be pleaded with particularity).

SOX unquestionably requires plaintiffs to demonstrate a "reasonable belief" that enumerated federal fraud violations occurred or are in progress.  *Livingston v. Wyeth, Inc.*, 520 F.3d 344, 352 (4th Cir. 2008) ("[SOX] requires [plaintiffs] to have held a reasonable belief about an *existing* violation.") (emphasis in original); *Allen v. Admin. Review Bd.*, 514 F.3d 468, 477 (5th Cir. 2008).  To the extent a plaintiff avers fraud to support such a reasonable belief, such fraud allegations must be pled with particularity under the plain dictates of Rule 9(b) and *Lone Star*. "To satisfy Rule 9(b), a pleading must identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about [the purportedly fraudulent] statement, and why it is false." *Cafasso v. General Dynamics*, 637 F.3d

1047, 1054-55 (9th Cir. 2010) (internal quotation marks omitted); *Lazar v. Superior Court*, 12 Cal. 4th 631, 645 (1996) (plaintiff pleading fraud against corporate employer must allege names of those who made misrepresentation, their authority to speak, to whom they spoke, what they said or wrote, and when). Pleading fraud with particularity requires the "time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what [that person] obtained thereby." *Tuchman v. DSC Commc'ns Corp*., 14 F.3d 1061, 1068 (5th Cir. 1994); *Johnson v. Wal-Mart Stores, Inc.*, 544 F. App'x 696, 698 (9th Cir. 2013); *Williams,* 112 F.3d at 177.  "Directly put, the who, what, when and where must be laid out before access to the discovery process is granted." *Williams*, 112 F.3d at 178; *see also Benchmark Elec., Inc. v. J.M. Huber Corp*., 343 F.3d 719, 724 (5th Cir. 2003) *opinion modified on denial of reh'g*, 355 F.3d 356 (5th Cir. 2003).

Davies alleges that she "uncovered fraudulent conduct by a Broadcom executive and other Broadcom employees" and that she reported "the fraud and suspected FCPA violations" to "various Broadcom executives."  Complaint, ¶50. These paper-thin allegations draw sweeping conclusions with virtually no factual support.  Davies makes no allegation that she determined that any particular actions or proposed actions were "fraudulent" under a U.S. law covered by SOX.  Nor does she allege any facts that would support such an allegation.

### c.    Davies Did Not Have a "Reasonable Belief" of a Violation of U.S. Law, Rule, or Regulation

Davies' SOX claim also fails for the related reason that she cannot demonstrate that she held a "reasonable belief" of a SOX-enumerated violation at the time of her alleged reporting.  For a SOX claimant to demonstrate a "reasonable belief" of an enumerated violation under SOX, she must show both a subjectively and objectively reasonable belief at the time of the reporting that the acts complained of constituted such a violation.  *Van Asdale v. Int'l Game Tech.*, 577

F.3d 989, 1000 (9th Cir. 2009); *see also Nielsen*, 762 F.3d at 221; *Allen*, 514 F.3d at 477.  This means that the employee must have actually believed that the employer was in violation of the enumerated laws and regulations at the time of her reporting, and that belief must have been reasonable.  *See Nielsen*, 762 F.3d at 221 (*citing Livingston v. Wyeth, Inc*., 520 F.3d 344, 352, 356 (4th Cir. 2008) (holding no evidence employee had complained about conduct that reasonably could be thought to violate securities laws because "not one link in [plaintiff's speculative] chain of horribles was real or was in the process of becoming real").

The objective reasonableness of a plaintiff's belief of illegality is evaluated based on the knowledge available to a reasonable person in the same factual circumstances with the employee's training and experience.  *See Nielsen*, 762 F.3d at 221;  *Allen*, 514 F.3d at 479 (CPA's reasonable belief must be evaluated from the perspective of an accounting expert); *Welch v. Cardinal Bankshares Corp*., ARB Case No. 05-064, ALJ Case No. 2003-SOX-11, at 11 (ARB May 31, 2007) (reasonable belief of experienced CPA/CFO must be evaluated from that perspective), *aff'd, Welch v. Chao*, 536 F.3d 269 (4th Cir. 2008); *Harkness v. C-Bass Diamond, LLC*, No. CCB–08–231, 2010 WL 997101, at **6-7 (D. Md. Mar. 16, 2010) (reasonable belief of attorney must be evaluated based on experienced attorney's perspective); *Bishop v. PCS Admin. (USA), Inc*., No. 05-C-5683, 2006 WL 1460032, at *5 (N. D. Ill. May 23, 2006) ("[t]he employee's access to information, experience, and background are considerations in determining whether he or she had a reasonable belief").  Davies is an attorney.  Accordingly, whether Davies' had a reasonable belief must be held to a particularly high standard.  *See, e.g., Allen*, 514 F.3d at 479 (accounting expert did not have reasonable belief under SOX where she failed to conduct her own review to determine whether SEC statements were compliant with U.S. regulations); *Harkness*, 2010 WL 997101, at **6-7 (attorney did not have reasonable belief of securities law violation where she failed to conduct research to determine whether suspected misconduct was illegal).

1    As discussed above, Davies fails to allege any basis whatsoever for either an

2    objectively or subjectively reasonable belief of U.S. wire fraud, bank fraud,

3    violation of rule or regulation of the SEC, or any other SOX-covered violation.

4    Given Davies' knowledge, education and experience, any claimed reasonable belief

5    of U.S. wire fraud must be held to a particularly high standard, as described above.

6    Davies fails to meet that standard.

7              **d.    Broadcom Did Not Have Knowledge of Any SOX-
                       Protected Activity by Davies**

8

9    Davies has failed to allege adequately that Broadcom had knowledge of

10   protected activity by her. *See Villanueva*, 743 F.3d at 110.  Title VIII of the

11   Sarbanes-Oxley Act prohibits a covered entity from retaliating against an employee

12   who "reports information to a supervisor" regarding his or her reasonable belief of a

13   violation of one of the six enumerated categories of law under SOX. *Allen*, 514

14   F.3d at 477; 18 U.S.C.S. § 1514A(a)(1). Section 1514A(a)(1) lists federal mail-,

15   wire-, bank-, and securities-fraud statutes, rules and regulations of the Securities

16   and Exchange Commission, and any other federal law related to shareholder fraud.

17   "To prevail, an employee must prove that (1) she engaged in protected activity; (2)

18   the employer knew that she engaged in the protected activity; (3) she suffered an

19   unfavorable personnel action; and (4) the protected activity was a contributing

20   factor in the unfavorable action." *Allen* at 475-76 (footnotes omitted).  Davies'

21   vague assertion that she "uncovered fraudulent conduct by a Broadcom executive

22   and other Broadcom employees" and that she reported "the fraud and suspected

23   FCPA violations" to "various Broadcom executives" (Complaint, ¶50) fails to

24   allege that Broadcom ever had any knowledge of an alleged violation of a U.S. law

25   covered by SOX.

26

27

28

### 3. Davies Fails to Show a Causal Connection Between Alleged Whistleblowing Conduct and Any Adverse Action

Davies alleges that Broadcom retaliated against her for reporting alleged misconduct by (1) denying her promotion to vice president, a position that allegedly had been promised to her and for which she alleges she was highly qualified; (2) denying Davies the same pay afforded to those employees selected for promotion to vice president; (3) subjecting Davies to a hostile work environment; and (4) ultimately terminating Davies' employment.  Complaint, ¶51.

The alleged timing of events does not support causation with respect to these claims.  Davies alleges she spoke with Timberman about not being promoted to vice president in January 2014 (Complaint, ¶27), which was at least two months before Davies' alleges she interviewed the vice-president she suspected of alleged misconduct in March 2014, and her subsequent recommendation that he be terminated.  Complaint, ¶¶34-37.  Broadcom's decision to hire Daniels preceded her recommendation by nearly a year.  As pled, there is no casual connection between any of these events and Davies' alleged whistleblowing.

### C. The Second Claim for Violation of the Federal and California Equal Pay Acts Fails As A Matter of Law

Under both the federal Equal Pay Act 29 U.S.C. § 206(d) and California Equal Pay Act (Labor Code § 1197.5), employers are prohibited from <u>paying lower wages</u> to employees of one sex than those paid to employees of the other sex in the same establishment for equal work on jobs the performance of which requires equal skill, effort and responsibility and which are performed under similar working conditions.  Exceptions exist where the difference in pay is due to a seniority system, a merit system, a system which measures earnings by quantity or quality of production, or a differential based on any *bona fide* factor other than sex.

The gravamen of Davies' Equal Pay Act claim is that:

- While she was in Broadcom's Legal Department, Broadcom did not promote her from Senior Director to a Vice President position in its Legal Department

- she voluntarily changed positions to a Senior Director role in Broadcom's Human Resources Department

- After she transferred to Human Resources, Broadcom hired a man, Mark Daniels, into a Vice President role in its Legal Department, and

- As a result of Daniels being hired as a Vice President, Broadcom paid Daniels more as a Vice President in Legal than it had previously paid Davies as a Senior Director in Legal.

Davies' theory of violation is not cognizable under the Equal Pay Act (as shown in subsection 1 below), and in any event she cannot establish a *prima facie* case for other reasons (as shown in subsection 2).

### 1. The EPA covers pay disputes, not disputes over titles and promotions

"The EPA is limited to certain sex-based differentials in *wages*. It does not prohibit . . . discrimination based on . . . other aspects of employment — even those that have compensation-related consequences — such as hiring, firing, *promotion*, transfer, or other issues." BARBARA LINDEMANN, PAUL GROSSMAN & C. GEOFFREY WEIRICH, EMPLOYMENT DISCRIMINATION LAW 19-4 (5th ed. 2014) (emphasis added) (footnotes and citations omitted); *see, e.g.*, *International Union of Electrical Workers v. Westinghouse Electric Corp.*, 631 F.2d 1094, 1103 (3d Cir. 1980) ("[A] broad range of gender-based discrimination . . . is not barred by the Equal Pay Act, such as discriminatory promotions, transfers and firing."); *Grant v. General Motors Corp.*, 908 F.2d 1303, 1311 (6th Cir. 1990) (affirming summary judgment in relevant part; a discriminatory decision to demote a female employee did not state a claim under the EPA; the EPA only addresses whether plaintiff's wages were the same as male comparators in the demoted job). The essence of a claim under the

1    EPA is that a man and a woman are performing the same job under the same

2    circumstances at the same time, one of them is paid more than the other, and the

3    reason for the pay disparity is gender.

4        Here, Davies' Complaint reveals that her dispute is about *rank*:  she wanted

5    to be a Vice President; she was disappointed not to be promoted to Vice President;

6    and she objects that Daniels now is a Vice President.  *Compare* Complaint, ¶¶ 21-

7    22 (Davies not promoted to vice president) *with id.* ¶¶ 23-26(hire of Daniels as vice

8    president).  Davies' theory of the case (*id.* ¶ 56) — that "[b]ecause Mr. Daniels was

9    placed in the role as a vice president, . . . he received substantially higher

10   compensation than Ms. Davies" — simply is not cognizable under the EPA.

11   Differences in responsibilities and in strategic roles can give rise to pay differences

12   without creating an EPA violation. *See, e.g.*, *Merillat v. Metal Spinners, Inc.*, 470

13   F.3d 685, 695-96 (7th Cir. 2006) (affirming summary judgment where the proffered

14   comparator was expected to perform at a more-strategic level).

**2.    Even if this were pled as a discriminatory pay dispute, Davies lacks a *prima facie* case**

15

16

17       An EPA claim fails at the threshold unless there is "an opposite-sex

18   comparator performing substantially the same job."  EMPLOYMENT DISCRIMINATION

19   LAW, at 19-12.  Plaintiff's *prima facie* case must show, among other things, that the

20   proffered comparator performed a job involving "equal skill, effort and

21   responsibility."  29 U.S.C. § 206(d)(1).  Those three terms "constitute separate

22   tests, each of which must be met."  29 C.F.R. § 1620.1; *accord Forsberg v. Pacific*

23   *Northwest Bell Telephone Co.*, 840 F.2d 1409, 1414 (9th Cir. 1988) (same; "'We

24   find nothing in the case law or in the legislative history to support the proposition

25   that . . . differences in responsibility between two jobs can be offset by competing

26   differences in the skill set required so as to make the two jobs equal.'" (citations

27   omitted).  "It is not merely comparable skill and responsibility that Congress sought

28   to address, but a *substantial identity* of job functions."  *Hodgson v. Golden Isles*

1    *Convalescent Center*, 468 F.2d 1256, 1258 (5th Cir. 1972) (emphasis added) (citing

2    legislative history).

3          Conclusory allegations or those that merely track the EPA's language are

4    insufficient and subject to dismissal for failure to state a claim. *See Codiga v. Cnty.*

5    *of Monterey*, 2009 WL 1636922, at *2 (N.D. Cal. June 10, 2009) (dismissing EPA

6    claim that failed to plead facts to allow court to determine plausibility of claims);

7    *see also Wade v. Morton Bldgs., Inc.*, 2010 WL 378508, at *6 (C.D. Ill. Jan. 27,

8    2010) (dismissing complaint where "[p]laintiff has alleged only that a male

9    employee performed the same work for more pay," which "is essentially a

10   recitation of the elements of an equal pay claim, a recitation not grounded in any

11   underlying facts").  General allegations of discrimination, or allegations that simply

12   track statutory language, are insufficient to state a claim for relief. *Twombly*, 550

13   U.S. 544, 555 (2007).

14          Davies contends that Daniels, a Vice President in Legal, is her comparator.

15   As discussed below, she is incorrect for two reasons, and as a result she has not

16   pled and cannot establish a *prima facie* case.

17                    **a.    Daniels is not an appropriate comparator because a**
                             **substantial time gap separated their work**
18

19          As a threshold issue, Davies' selection of Daniels as her only comparator is

20   improper. *See, e.g., Lavin-McEleney v. Marist Coll.* 239 F.3d 476, 481-82, (2d Cir.

21   2001) (allowing plaintiff to compare herself to only one of several male employees

22   may create appearance of equal pay violation where none exists); *Hein v. Oregon*

23   *Coll. of Educ.*, 718 F.2d 910, 916 (9th Cir. 1983) (proper test for determining

24   whether plaintiff has established *prima facie* case under EPA is whether her salary

25   is lower than average salary of men performing substantially equal work).  As the

26   Eighth Circuit has cautioned, "comparisons with 'specifically chosen employees

27   should be scrutinized closely to determine [their] usefulness.'"  *Hutchins v.*

28   *Teamsters*, 177 F.3d 1076, 1081 (8th Cir. 1999) (citation omitted).

1    Davies started working in Broadcom's legal department in November 2006,

2    eventually rising to senior director.  Complaint, ¶6.  She held that job until May

3    2012, when she transferred from the Legal Department into Human Resources.

4    Complaint, ¶22.  Broadcom later hired Daniels as a vice president in the Legal

5    Department, _after_ Davies had left the Legal Department.  Complaint, ¶ 23.  Thus,

6    Davies and Daniels never worked in the Legal Department at same time.

### b.    **Daniels' job and Davies' job did not involve "equal skill, effort, and responsibility"**

9    EPA plaintiffs must base their claims on disparities in pay between persons

10   performing ***the same job at the same time***, because the statute requires that the

11   comparators be working (among other requirements) under similar working

12   conditions.  "Proving comparable skills and responsibilities is most difficult when

13   executive or professional employment is at issue."  EMPLOYMENT DISCRIMINATION

14   LAW, at 19-31.  Davies alleges that she prevails under the EPA because she and

15   Daniels both supervised the employment-law function at Broadcom.  But courts are

16   "not particularly interested in a plaintiff's conclusory allegations about which jobs

17   are equal."  *Younts v. Fremont County*, 370 F.3d 748, 753 (8th Cir. 2004).

18   Numerous cases have dismissed EPA claims for lack of an appropriate

19   comparator.  *See e.g., Mazzorana v. Emergency Physicians Med. Grp., Inc.*, 2013

20   WL 4040791, at *4 (D. Nev. Aug. 6, 2013) (dismissing plaintiff's EPA claim for

21   failing to plead that she received less compensation than a male counterpart in a

22   "substantially equal" position to her position); *Suzuki v. SUNY-Old Westbury*, 2013

23   U.S. Dist. LEXIS 83555, at *4, *8–11 (E.D.N.Y. June 13, 2013) (dismissing

24   complaint where "plaintiff [did] not identify any male faculty members in her

25   department during the relevant time with similar experience who earned more for

26   substantially similar work");  *Arafat v. School Bd. of Broward Cnty.,* 549

27   Fed.Appx. 872, 875 (11th Cir.2013) (unpublished) (affirming district court's

28   dismissal of EPA claim because the plaintiff "did not plead the facts comparing her

1  skill, effort, and responsibility levels to those younger males who were allegedly

2  paid more than her”);  *Baumgardner v. ROA General, Inc*., 864 F. Supp. 1107,

3  1109 (D. Utah 1994) (holding that plaintiffs did not state an EPA claim where they

4  made no effort to allege how each of their positions were “substantially equal” to

5  the comparator’s position).

6      Because Davies merely recites the elements of an EPA claim and does not

7  plead a pay difference between herself and someone else in the same job or at least

8  a job involving “equal skill, effort, and responsibility” during the same time period,

9  she fails to plead a *prima facie* case under the EPA.

10      **D.    The Ninth Claim for Fraud Fails as a Matter of Law**

11          **1.    Davies Fails To Plead Fraud With Specificity**

12      Davies’ fraud claim must be dismissed because she fails to plead fraud with

13  the particularity Fed. R. Civ. P. 9(b) requires.  A fraud claim must set forth not only

14  the elements of a fraud claim (discussed below), but also:

15      • the specific representations made,

16      • the time and place the representations were made,

17      • the identities of the people who made the representations, and

18      • facts showing why the representations were false when made.

19  *In re GlenFed, Inc. Securities Litigation*, 42 F.3d 1541, 1547-1549 (9th Cir. 1994)

20  (en banc), *superseded by statute on other grounds as stated in SEC v. Todd*, 642

21  F.3d 1207, 1216 (9th Cir. 2011); *Cafasso v. General Dynamics*, 637 F.3d 1047,

22  1054-55 (9th Cir. 2010) (“To satisfy Rule 9(b), a pleading must identify the who,

23  what, when, where, and how of the misconduct charged, as well as what is false or

24  misleading about [the purportedly fraudulent] statement, and why it is false”)

25  (internal quotation marks omitted); *Lazar v. Superior Court*, 12 Cal. 4th 631, 645

26  (1996) (plaintiff pleading fraud claim against corporate employer must allege the

27  names of those who made the misrepresentation, their authority to speak, to whom

28  they spoke, what they said or wrote, and when).

Davies pleads three alleged misrepresentations:

- "In or about 2012, Broadcom, through its Deputy General Counsel, represented to Ms. Davies that her position in the employment law section was not vice president-eligible." (Complaint, ¶ 102)
- "During the same time period, Broadcom, through Ms. Timberman, represented to Ms. Davies that if she transferred to a corporate-level HR position, she would become vice president within two years." (Complaint, ¶ 102)
- "In or about March 2014, Broadcom, through Ms. Timberman, represented to Ms. Davies that by transferring to the MPS role she would be on a 'fast track' to vice president within a year." (Complaint, ¶ 105)

All of these alleged misrepresentations fail for several reasons.  First, they are vague as to the specific words allegedly spoken.  Under Rule 9(b), Davies must plead the specific representations, whether written or oral.  *See Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985) (affirming dismissal of fraud claim for failure to detail the specific content of the representation).

Second, Davies fails to identify the time and place each representation was allegedly made.  *Id.*; *see also Neubronner v. Miller*, 6 F.3d 666, 671-72 (9th Cir. 1993) (dismissing claim for failure to itemize the "times, dates, places, benefits received and other details of the alleged fraudulent activity").  For the first two alleged misrepresentations, Davies alleges broadly that they were made "in or about 2012" – which could possibly mean 2011, 2012, or 2013.  Even the third alleged misrepresentation, which Davies pleads was made "in or about March 2014", apparently could have been made in any of several months on either side of March 2014 due to the "in or about" language.  These allegations do not plead with the required specificity when the representations were allegedly made.

DEFENDANT'S MOTION TO DISMISS [Case No. 8:15-cv-00928-AG-JC]

Third, Davies does not plead the place(s) where any of these alleged misrepresentations were made. Fourth, Davies does not plead facts showing why the representations were false when made.

For these reasons, Davies has not met the requirements of Federal Rules of Civil Procedure, Rule 9(b) or the substantive requirements to state a fraud claim under California law, and this claim fails.

### 2.    <u>Davies Cannot State A Claim for Fraud</u>

The elements of a an intentional misrepresentation claim are: (1) a representation as to a past or existing material fact, (2) that is false, (3) defendant knew it was false when made, or made the representation recklessly without knowing whether it was false, (4) defendant made the representation with an intent to induce plaintiff to act in reliance thereon,  (5) plaintiff reasonably believed the representation to be true, (6) plaintiff relied upon the representation, and (7) plaintiff suffered damage thereby.  *Hobart v. Hobart Estate*, 26 Cal. 2d 412, 422 (1945).  Davies fails to allege that specific representations were made to her, that any representations were made with the intent of causing reliance by her, that she reasonably believed the representations were true, or that she relied on them.  Thus, this claim fails.

Even assuming that Davies can establish that someone from Broadcom promised her a VP position (it is not even clear that she has even ***alleged*** this in her pleadings; *see* Complaint ¶¶102, 105), "the law is well established that actionable misrepresentations must pertain to past or existing material facts.  Statements or predictions regarding future events are deemed to be mere opinions which are not actionable." *Cansino v. Bank of America*, 224 Cal.App.4th 1462, 1469 (2014).  It is not enough for Davies to prove that a representative of Broadcom promised her a VP title; she must establish that a representative of Broadcom made this promise with no intention of promoting Davies ***and*** that the representative of Broadcom intended to deceive or induce Davies to do or not do a particular thing.  *See*

*Tarmann v. State Farm Mut. Auto Ins. Co.*, 2 Cal.App.4th 156 (1991) ("making a promise with an honest but unreasonable intent to perform is wholly different from making one with no intent to perform and, therefore, does not constitute a false promise."). Finally, Davies alleges that her decision to transfer to HR and the MPS role was in "reasonable reliance on Broadcom's false representations". Complaint ¶104. This bare-bones allegation does nothing to explain how or why she relied on a representation by Broadcom, let alone how such reliance was reasonable. To the contrary, Davies' decision to leave Legal and transfer to HR was entirely voluntary and initiated by Davies.

### 3.   The Fraud Claim Is Preempted by Workers Compensation

Davies alleges that Broadcom made intentional misrepresentations in relation to her employment, specifically in regard to her being promoted to vice president, and she claims that these intentional misrepresentations "caused her to suffer humiliation, embarrassment, and emotional distress." Complaint, ¶¶ 102, 105, 108. Intentional misrepresentation claims in the employment context are governed by the workers' compensation statutes, which provide the exclusive remedy. *Kacludis v. GTE Sprint Communications Corp.*, 806 F.Supp. 866, 871-872 (N.D.Cal.1992) (dismissing intentional misrepresentation claim based on workers' compensation exclusivity); *Miklosy v. Regents of the University of California*, 44 Cal. 4th 876, 902-903 (2008) (workers compensation is exclusive remedy for injury occurring in normal course of employer-employee relationship).

### E.   The Tenth Claim for Negligent Misrepresentation Fails on Several Grounds

In her tenth cause of action, Davies alleges that Broadcom negligently represented that a position was "vice-president eligible", stating "that she would become vice president within two years of assuming the position". Complaint, ¶111. Negligence claims in the employment context are governed by the workers' compensation statutes, which provide the exclusive remedy. *Kacludis v. GTE Sprint*

1   *Communications Corp.*, 806 F.Supp. 866, 868, 872 (N.D.Cal.1992)  (dismissing

2   negligent misrepresentation claim based on workers' compensation exclusivity).

3   The alleged misrepresentations that form the basis for Davies' negligent

4   misrepresentation claim are the same as those she alleges caused her emotional

5   distress injury in her fraud claim.  Compare fraud alleged misrepresentations

6   (Complaint, ¶¶102, 105) with negligent misrepresentation alleged

7   misrepresentations (Complaint, ¶¶111, 114); *Miklosy,*  44 Cal. 4th at 902-903.

8       The negligent misrepresentation claim also fails because it is premised on

9   managerial decisions and personnel actions, which constitute <u>intentional</u> – not

10  <u>negligent</u> – conduct as a matter of law.  *See e.g. Kacludis v. GTE Sprint*

11  *Communications Corp.*, 806 F.Supp. 866 (N.D. Cal. 1992); *Edwards v. U.S. Fid. &*

12  *Guar. Co.*, 848 F. Supp. 1460 (N.D. Cal. 1994).

13  **IV.    CONCLUSION**

14      Defendant respectfully requests that the Court grant Broadcom's Motion to

15  Dismiss Davies' first, second, ninth and tenth claims.

16

17  Dated:  June 25, 2015                 LYNNE C. HERMLE
                                          JOSEPH C. LIBURT
18                                        LINDSEY CONNOR HULSE
                                          Orrick, Herrington & Sutcliffe LLP
19

20

21                                            /s/ JOSEPH C. LIBURT
                                          _____
                                              JOSEPH C. LIBURT
22                                          Attorneys for Defendant
                                            Broadcom Corporation
23

24

25

26

27

28