JOHN W. BERRY (Cal. Bar No. 295760)
Email: BerryJ@sec.gov

Attorney for *Amicus Curiae*
Securities and Exchange Commission
Michele Wein Layne, Regional Director
John W. Berry, Regional Trial Counsel
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3890
Facsimile: (213) 443-1904

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| JENNIFER DAVIES, an individual,<br><br>  Plaintiff,<br><br>  vs.<br><br>BROADCOM CORPORATION, a California corporation,<br><br>  Defendant. | Case No. SACV15-928 AG (JCx)<br><br>**NOTICE OF MOTION AND MOTION BY THE SECURITIES AND EXCHANGE COMMISSION TO FILE *AMICUS CURIAE* BRIEF IN SUPPORT OF PLAINTIFF**<br><br>Judge: Hon. Andrew J. Guilford<br>Date: July 27, 2015<br>Time: 10 a.m.<br>Crtrm.: 10D |

The Securities and Exchange Commission (SEC or Commission), a non-party to this action, respectfully requests permission to file an *amicus curiae* brief in support of plaintiff Jennifer Davies.[1] The brief, a copy of which is attached at Exhibit A, addresses an important question concerning the proper interpretation of Section 21F(h)(1) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-6. The SEC has consulted with counsel for each party, and neither party opposes the SEC's motion.[2]

In its pending motion to dismiss, defendant contends that Davies's Section 21F(h)(1) whistleblower employment retaliation claim fails as a matter of law because, in its view, the provision protects *only* individuals who have reported a potential securities law violation directly to the Commission prior to the alleged retaliation. As explained below, the Commission, through notice-and-comment rulemaking, has adopted a broader reading of the scope of Section 21F(h)(1)'s protections.

## I.   BACKGROUND

Section 21F, which was added by the Dodd-Frank Wall Street Reform and Consumer Protection Act, Pub. L. No. 111-203, 124 Stat. 1376 (2010), provides a number of measures to encourage individuals to step forward to disclose potential securities law violations. In particular, Section 21F authorizes the Commission to pay monetary awards to individuals who voluntarily provide information that leads

---

[1] The federal government can file an *amicus* brief without consent of the parties or leave of the court on appeal (Fed. R. App. Proc. 29(a)). There is no corresponding provision for filing as *amicus* in a district court, but district courts in this Circuit have previously permitted *amicus* participation by non-parties where appropriate. *See, e.g.*, *Bear Valley Mut. Water Co. v. Salazar*, 2012 WL 5353353, at *6, (C.D. Cal. Oct. 17, 2012) (referencing earlier order granting non-party's motion to file *amicus* brief);

[2] Neither the Federal Rules of Civil Procedure nor this Court's Local Rules establish a time period for filing an *amicus* brief. If the Commission were seeking permission to intervene—since one of Broadcom's defenses is based on a statute administered by the SEC and regulations issued under that statute—then its motion would simply have to be "timely." Fed. R. Civ. Proc. 24(b)(2).

to a successful enforcement action, and prohibits employers from retaliating against individuals in the terms and conditions of their employment when the individuals engage in certain specified whistleblowing activities (collectively referred to as the "whistleblower program").

When the Commission issued its rules under Section 21F to implement the whistleblower program, it included a rule clarifying that the employment retaliation protections apply whenever an employee engages in any of the whistleblowing activities specified in Section 21F(h)(1) — including making a report of a potential securities law violation to a supervisor or compliance official at a public company — *irrespective of whether the employee separately reports the information directly to the Commission*. See 17 C.F.R. § 240.21F-2(b)(1). The Commission issued the clarifying rule to address a statutory ambiguity that exists as a result of considerable tension within the text of Section 21F.

Since the Commission issued its rule, a majority of the federal courts that have considered the interpretive issue have agreed with the Commission that the statutory language is ambiguous, and have deferred to the Commission's interpretation.[3]

---

[3] *See Somers v. Digital Realty Trust, Inc.,* Case No. C-14-5180, 2015 WL 2354807, at *3-13 (N.D. Cal. May 15, 2015*). See also Nollner v. S. Baptist Convention, Inc.*, 852 F.Supp.2d 986, 993-95 (M.D. Tenn. 2012); *Bussing v. COR Clearing, LLC*, 20 F.Supp.3d 719, 728-35 (D. Neb. 2014); *Rosenblum v. Thomson Reuters (Markets) LLC*, 984 F.Supp.2d 141, 146-48 (S.D.N.Y. Oct. 25, 2013); *Ellington v. Giacoumakis*, 977 F.Supp.2d 42, 44-46 (D. Mass. 2013); *Genberg v. Porter*, 935 F.Supp.2d 1094, 1106-07 (D. Colo. 2013), *appeal dismissed in relevant part*, 566 Fed. App'x 719 (10th Cir. 2014); *Yang v. Navigators Grp., Inc.*, 18 F.Supp.3d 519, 531-34 (S.D.N.Y. 2014); *Kramer v. Trans-Lux Corp.,* 2012 WL 4444820, at *3-5 (D. Conn. Sept. 25, 2012); *Connolly v. Remkes*, 2014 WL 5473144, at *4-6 (N.D. Cal. Oct. 28, 2014); *Khazin v. TD Ameritrade Holding Corp.*, 2014 WL 940703, at *3-6 (D.N.J. Mar. 11, 2014), *aff'd on other grounds*, 773 F.3d 488 (3rd Cir. 2014); *Murray v. UBS Sec., LLC*, 2013 WL 2190084, at *2-7 (S.D.N.Y. May 21, 2013); *Egan v. TradingScreen, Inc.*, 2011 WL 1672066, at *3-5 (S.D.N.Y. May 4, 2011); *Peters v. Lifelock Inc.,* CV-14-00576-PHX-ROS (D. Ariz. Sept. 19, 2014), Dkt. # 47, Order, at 6-13 (attached hereto as Ex. C).

## II. ARGUMENT

The Commission has a strong programmatic interest in demonstrating that its reasonable interpretation of Section 21F(h)'s ambiguous statutory language was a valid exercise of its broad rulemaking authority.[4] This interest arises for two related reasons. *First*, the rule helps protect individuals who choose to report potential violations internally in the first instance (*i.e.*, before reporting to the Commission), and thus is an important component of the overall design of the Commission's whistleblower program. *Second*, if the rule were invalidated, the Commission's authority to pursue enforcement actions against employers that retaliate against individuals who report internally would be substantially weakened.

The Commission respectfully submits that, as the primary federal securities regulator and the agency charged with administering the Congressionally-mandated whistleblower program, its explanation of the regulatory background and its analysis of the statutory text will aid the Court in ruling on defendant's Motion to Dismiss. Among other things, the brief thoroughly explains: (i) the importance of internal reporting as a means for deterring, detecting, and stopping unlawful conduct that may harm investors; (ii) the context and purposes for which Section 21F was enacted; and (iii) the Commission's reasonable exercise of its authority to issue rules and regulations implementing Section 21F(h) to resolve a statutory ambiguity inherent in that section.

## III. REQUEST TO WAIVE FEDERAL AND LOCAL RULES OF CIVIL PROCEDURE REGARDING FORMAT AND LENGTH OF FILINGS

---

[4] The Commission does not take a position on any other issues that may be presented in defendant's motion to dismiss or in this action. The motion to file as *amicus* is limited to the issue of whether an employee is required to make a report to the Commission before the alleged retaliation in order to pursue a claim under Section 21F(h)(1) and the regulations thereunder.

The *amicus* brief the Commission proposes to file was initially filed with the Second Circuit in *Berman v. Neo@Ogilvy LLC*, Case No. 14-4626, and conforms to that court's length, spacing, typeface, and other rules.[5] The SEC intends to make the identical legal arguments here as were made in the attached brief. Therefore, to the extent the brief does not conform to this Court's requirements, the SEC respectfully requests that the Court exercise its authority to waive these requirements and permit the brief to be filed in the identical format as attached to this motion. The SEC also asks that, if the Court does not grant this request, it be granted leave to revise the brief to conform to this Court's rules. The Commission also respectfully requests that the Court permit it to file the letter, attached hereto as Exhibit B, that it submitted to the Second Circuit on June 26, 2015, pursuant to Fed. R. App. P. 28(j), regarding the Supreme Court's recent decision in *King v. Burwell*, No. 14-114, 2015 WL 2473448 (S. Ct. June 25, 2015) (holding that challenged statutory language in the Affordable Care Act could not be viewed in isolation but must be read in light of the context and structure of the whole Act).

## IV.   CONCLUSION

For the foregoing reasons, the SEC respectfully requests that this Court: (1) permit the Commission to file an *amicus curiae* brief in support of the plaintiff; (2) waive the rules regarding format and length of filings; and (3) accept the attached brief (Ex. A) for filing, along with the attached Rule 28(j) letter (Ex. B) to the Second Circuit concerning *King v. Burwell*.

\* \* \*

---

[5] The Commission was given permission to file a brief that exceeded the standard length of an appellate *amicus* brief. As filed, the brief has 8,660 words excluding the parts exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

July 6, 2015

Respectfully submitted,

  /s/ John W. Berry
_____

John W. Berry (Cal. Bar. No. 295760)
Attorney for Amicus Curiae
SECURITIES AND EXCHANGE COMMISSION

Of counsel:

THOMAS J. KARR
Assistant General Counsel
DC Bar # 426340

KAREN J. SHIMP
Special Trial Counsel
DC Bar # 456265

Office of the General Counsel
Securities and Exchange Commission
100 F Street NE
Washington, DC  20549-9612
Tel: (202) 551-5007 (Shimp)

# PROOF OF SERVICE

I am over the age of 18 years and not a party to this action. My business address is:

U.S. SECURITIES AND EXCHANGE COMMISSION,
400 S. Flower Street, Suite 900, Los Angeles, California 90071
Telephone No. (323) 965-3998; Facsimile No. (213) 443-1904.

On July 6, 2015, I caused to be served the document entitled **NOTICE OF MOTION AND MOTION BY THE SECURITIES AND EXCHANGE COMMISSION TO FILE *AMICUS CURIAE* BRIEF IN SUPPORT OF PLAINTIFF, EXHIBITS A, B and C, and [PROPOSED] ORDER** on all the parties to this action addressed as stated on the attached service list:

☐ **OFFICE MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

☐ **PERSONAL DEPOSIT IN MAIL:** By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

☐ **EXPRESS U.S. MAIL:** Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

☐ **HAND DELIVERY:** I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

☐ **UNITED PARCEL SERVICE:** By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

☐ **ELECTRONIC MAIL:** By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

☒ **E-FILING:** By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

☐ **FAX:** By transmitting the document by facsimile transmission. The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date: July 6, 2015         */s/ John W. Berry*
                           John W. Berry

*Davies vs. Broadcom, et al.*
United States District Court—Central District of California
Case No. SACV15-928 AG (JCx)

## SERVICE LIST

| | |
|---|---|
| Adrianne E. Marshack<br>Katz & Yoon LLP<br>111 Pacifica<br>Suite 230<br>Irvine, CA 92618<br>949-748-1910<br>Fax: 949-242-2670<br>Email: amarshack@ggtriallaw.com<br>Counsel for Plaintiff | Lynne Charlotte Hermle<br>Joseph C. Liburt<br>Lindsey Connor Hulse<br>Orrick, Herrington & Sutcliffe LLP<br>1000 Marsh Road<br>Menlo Park, California 94025<br>(650) 614-7400<br>lchermle@orrick.com<br>jliburt@orrick.com<br>lhulse@orrick.com<br>Counsel for Defendant |
| Leanna Costantini<br>Alan A. Greenberg<br>Wayne R. Gross<br>Greenberg Gross LLP<br>650 Town Center Drive, Suite 1750<br>Costa Mesa, CA 92626<br>(949) 383-2810<br>lcostantini@ggtriallaw.com<br>wgross@ggtriallaw.com<br>agreenberg@ggtriallaw.com<br>Counsel for Plaintiff | |