UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | SACV 15-0928 AG (JCx) | Date | September 8, 2015 |
|---|---|---|---|
| Title | JENNIFER DAVIES v. BROADCOM CORPORATION | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|

**Proceedings:** **[IN CHAMBERS] ORDER GRANTING MOTION TO FILE AMICUS BRIEF, GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS, DENYING MOTION TO COMPEL ARBITRATION, AND DENYING MOTION TO FILE UNREDACTED COMPLAINT**

In this case, Plaintiff Jennifer Davies ("Plaintiff") asserts ten claims against her former employer, Broadcom Corporation ("Defendant"), related to her past employment. There are four motions before the Court: (1) Defendant's Motion to Dismiss ("Motion to Dismiss," Dkt. No. 17), which is GRANTED IN PART and DENIED IN PART; (2) Defendant's Motion to Compel Arbitration ("Motion to Compel Arbitration," Dkt. No. 15), which is DENIED; (3) Plaintiff's Motion to File an Unredacted Complaint ("Motion to File Unredacted Complaint," Dkt. No. 8), also DENIED; and (4) the Securities and Exchange Commission's Motion to File Amicus Brief, ("Amicus Motion," Dkt. No. 27), which is GRANTED.

## BACKGROUND

The following facts are taken from the Unredacted Complaint ("UC," Dkt. No. 19), and assumed to be true for the purposes of the Motion to Dismiss only.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-0928 AG (JCx) | Date | September 8, 2015 |
|---|---|---|---|
| Title | JENNIFER DAVIES v. BROADCOM CORPORATION | | |

Plaintiff started working for Defendant in 2006 as a labor and employment lawyer. (UC ¶ 6.) She received several good performance reviews and awards demonstrating her to be a valued employee. (*Id.* ¶¶ 6-7.) By 2013, she had the qualifications to be promoted to vice president. (*Id.* ¶ 7.)

Plaintiff never received this promotion. Around 2012, the Deputy General Counsel told her that her position in the legal department was not vice-president eligible. (*Id.* ¶ 21.) Defendant's head of Human Resources, Terri Timberman, offered Plaintiff a new position in Human Resources, promising that it would lead to a vice president position within two years. (*Id.* ¶ 22.) Plaintiff took the HR position. (*Id.* ¶ 22.) Defendant then hired a similarly qualified man to replace Plaintiff in her old role, but made him a vice president and paid him significantly more money than what she had made. (*Id.* ¶¶ 23-24.) Plaintiff never received her promised promotion in HR.

Plaintiff attributes Broadcom's failure to promote her to its "discriminatory and hostile environment toward women." (*Id.* ¶ 20.) In support, she cites various statements and acts of employees, particularly of Timberman.

Things got worse for Plaintiff. While conducting internal investigations in her new role,



was upset with Plaintiff and looked for opportunities to remove her. (*Id.* ¶¶ 38-39.)

Around March 2014, Timberman again promised Plaintiff a promotion to vice president if she would move to a new position supporting the Mobile Platform Services ("MPS") group. (*Id.* ¶ 39.) But Timberman knew something Plaintiff didn't know: The MPS business would soon fail, and Plaintiff's new position would be eliminated. (*Id.* ¶ 39.) And so it came to pass. Plaintiff's new position was eliminated, and as a result, she was terminated. (*Id.* ¶ 47.)

Plaintiff now asserts ten claims against Defendant: (1) Violation of Dodd-Frank Act, 15 U.S.C. § 78u-6; (2) Wage Discrimination under federal and state Equal Pay Acts; (3)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | SACV 15-0928 AG (JCx) | Date | September 8, 2015 |
|---|---|---|---|
| Title | JENNIFER DAVIES v. BROADCOM CORPORATION | | |

Retaliation under the Fair Labor Standards Act; (4) Gender Discrimination under California's Fair Employment and Housing Act ("FEHA"); (5) Failure to Prevent Gender Discrimination under FEHA; (6) Retaliation under FEHA; (7) Retaliation under the Foreign Corrupt Practices Act ("FCPA"); (8) Wrongful Termination in Violation of Public Policy; (9) Fraud; and (10) Negligent Misrepresentation.

## ANALYSIS

### 1. SEC's Motion to File Amicus Brief

The U.S. Securities and Exchange Commission ("SEC") asks the Court for leave to file an amicus brief opposing an argument in Defendant's Motion to Dismiss. The amicus brief argues that the Court should uphold an SEC rule interpreting the scope of Dodd-Frank's employment retaliation protections for whistleblowers. Defendant did not file an opposition to the SEC's Motion. The Motion is GRANTED.

### 2. Defendant's Motion to Dismiss

In the Motion to Dismiss, Defendant argues that the Court should dismiss four of Plaintiff's claims under Rule 12(b)(6): (1) Claim One for Violation of Dodd-Frank Act, (2) Claim Two for Wage Discrimination, (3) Claim Nine for Fraud, and (4) Claim Ten for Negligent Misrepresentation. The Court addresses these in turn.

#### 2.1 Legal Standard

A court should grant a motion to dismiss when, "accepting all factual allegations in the complaint as true and construing them in the light most favorable to the nonmoving party," a complaint fails to state a claim upon which relief can be granted. *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012); see Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a)(2) requires only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "[D]etailed factual allegations" are not required. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-0928 AG (JCx) | Date | September 8, 2015 |
|---|---|---|---|
| Title | JENNIFER DAVIES v. BROADCOM CORPORATION | | |

The complaint must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570); see *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "[A]nalyzing the sufficiency of a complaint's allegations is a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Sheppard v. David Evans and Associates*, 694 F.3d 1045, 1051 (9th Cir. 2012).

If court decides to dismiss a complaint, it must also decide whether to grant leave to amend. "A district court may deny a plaintiff leave to amend if it determines that allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency . . . or if the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies." *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010); *see also Steckman v. Hart Brewing*, 143 F.3d 1293, 1298 (9th Cir. 1998) (holding that pleadings may be dismissed without leave to amend if amendment "would be an exercise in futility").

## 2.2 Claim One – Violation of Dodd-Frank

Defendant argues that the Court should dismiss Plaintiff's Dodd-Frank Claim for several reasons, including that Plaintiff does not qualify as a whistleblower entitled to protection under Dodd-Frank. Defendant points out that Dodd-Frank prohibits employer retaliation only against "whistleblowers," which it defines as "any individual who provides . . . information relating to a violation of securities laws to the Commission." 15 U.S.C. § 78u-6(a),(h). By the plain language of the statute, Defendant argues, Plaintiff does not qualify as a whistleblower since she did not report any violations to the SEC.

Not so fast, says Plaintiff. In 2011, the SEC issued a rule stating that for the purpose of Dodd-Frank's whistleblower retaliation provision, a whistleblower is anyone who "provides information in a manner described in 15 U.S.C. § 78u-6(h)(1)(A)." 17 C.F.R. § 240.21F-2(b)(1). Section 78u-6(h)(1)(A) is the section prohibiting employment retaliation. It says, "No

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-0928 AG (JCx) | Date | September 8, 2015 |
|---|---|---|---|
| Title | JENNIFER DAVIES v. BROADCOM CORPORATION | | |

employer may discharge, demote, suspend, threaten, harass, directly or indirectly, or in any other manner discriminate against, a whistleblower in the terms and conditions of employment because of any lawful act done by the whistleblower—

(i) in providing information to the Commission in accordance with this section;

(ii) in initiating, testifying in, or assisting in any investigation or judicial or administrative action of the Commission based upon or related to such information; or

(iii) in making disclosures that are required or protected under the Sarbanes-Oxley Act of 2002 (15 U.S.C. § 7201 et seq.), this chapter, including section 78j-1(m) of this title, section 1513(e) of Title 18, and any other law, rule, or regulation subject to the jurisdiction of the Commission.

15 U.S.C. § 78u-6(h)(1)(A)(i)-(iii). The effect of the SEC rule is that the term "whistleblower" in § 78u-6(h)(1)(A) has a broader definition than the one set forth in § 78u-6(a). Under the SEC rule, *anyone* who does anything listed in subsections (i)-(iii) qualifies as a whistleblower under that section, even if they never reported any violations to the SEC.

The issue before the Court has split other courts about whether the SEC's rule is a valid exercise of its delegated authority. The Court joins other courts that have found that there is no ambiguity in the statute, and thus that the SEC's rule is not a valid exercise of its authority.

### 2.1.1 Legal Standard

In determining whether an agency's interpretation of a statute is permissible, courts engage in a two-step process. First, they look to "whether Congress has directly spoken to the precise question at issue." *Chevron, U.S.A. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 842 (1984). "If so, then the inquiry is over, and [courts] must give effect to the 'unambiguously express intent of Congress.'" *Navarro v. Encino Motorcars, LLC*, 780 F.3d 1267, 1271 (9th Cir. 2015) (quoting *Chevron*, 467 U.S. at 842). But when a statute is silent or ambiguous toward the issue,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-0928 AG (JCx) | Date | September 8, 2015 |
|---|---|---|---|
| Title | JENNIFER DAVIES v. BROADCOM CORPORATION | | |

courts must then ask whether the agency's interpretation is "based on a permissible construction of the statute." *Id.* at 843. If the agency's interpretation is reasonable, courts must defer to it even if they would prefer a different interpretation. *Navarro*, 780 F.3d at 1273.

### 2.1.2 *Chevron* Step One

Citing a few reasons, some courts have found ambiguity in § 78u-6 despite the section's clear definition of whistleblower. These reasons include (1) that the whistleblower definition in § 78u-6(a) would render superfluous subsection (iii) of § 78u-6(h)(1)(A), (2) that the whistleblower definition would render superfluous the words "to the commission" or "of the commission" in subsections (i) and (ii) of § 78u-6(h)(1)(A), and (3) that the legislative history suggests that the use of the term whistleblower in § 78u-6(h)(1)(A) was an apparent oversight by Congress. *See Somers v. Digital Realty Trust, Inc.*, No. C-14-5180 EMC, 2015 WL 4483955, at *8-*11 (N.D. Cal. July 22, 2015).

Other courts have rejected this reasoning, finding that the statute's definition of whistleblower is clear and there are no obvious defects in the statute as it is written, and thus concluding that they should enforce the statute's definition. These courts disagree that the whistleblower definition in § 78u-6(a) renders superfluous any part of § 78u-6(h)(1)(A). *See, e.g., Banko v. Apple Inc.*, 20 F. Supp. 3d 749 (N.D. Cal. 2013) (reasoning that each subsection serves a valid purpose even with the statutory definition of whistleblower) (citing *Asadi v. G.E. Energy (USA), L.L.C.*, 720 F.3d 620, 626 (5th Cir. 2013)). Courts adopting this reasoning include the Fifth Circuit Court of Appeals, the only Court of Appeals to rule on the question.

Central to this debate is whether the whistleblower definition in § 78u-6(a) renders superfluous portions of § 78u-6(h)(1)(A), and particularly subsection (iii). Subsection (iii) protects whistleblowers who "mak[e] disclosures that are required or protected under the Sarbanes-Oxley Act of 2002 (15 U.S.C. § 7201 et seq.), this chapter, including section 78j-1(m) of this title, section 1513(e) of Title 18, and any other law, rule, or regulation subject to the jurisdiction of the Commission." Courts finding ambiguity in the statute point out that some of the disclosures listed in subsection (iii) are internal disclosures, not disclosures to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-0928 AG (JCx) | Date | September 8, 2015 |
|---|---|---|---|
| Title | JENNIFER DAVIES v. BROADCOM CORPORATION | | |

SEC. For example, Dodd-Frank Act § 78j-1 and several sections of the Sarbanes-Oxley Act concern internal reporting. *See Somers*, 2015 WL 4482955, at *9-*10. These courts reason that if individuals must report to the SEC in order to gain the statute's protection, then they are by definition protected under subsections (i) and (ii)—which protect those who report to and work with the SEC—and subsection (iii) is unnecessary. Thus they conclude that there is ambiguity in whether the statutory definition of whistleblower applies, rendering superfluous subsection (iii), or doesn't apply, rendering inoperable an explicit definition of a term within that section.

This Court disagrees, and sides with the Fifth Circuit and other courts that have found that the statute is unambiguous. Contrary to the reasoning of courts finding otherwise, the statute's explicit definition of whistleblower does not render superfluous subsection (iii) or any part of Section 78u-6(h)(1)(A). The subsections of 78u-6(h)(1)(A) describe *what* is protected, not *who*. Subsections (i) and (ii) protect whistleblowers from retaliation only for the acts of aiding the SEC. Subsection (iii) ensures that those who report to the SEC are also protected from retaliation for certain internal reporting. Contrary to the arguments of Plaintiff and the SEC, it is entirely plausible that Congress meant to protect from retaliation only those individuals who report to the SEC. Perhaps, for example, Congress meant to limit frivolous retaliation claims by disgruntled employees by requiring them to allege something more than internal reporting—an allegation easily made but not easily discredited. At any rate, it is not for the Court to second-guess Congress's policy decisions, nor to find legislation ambiguous merely because it cannot conclusively ascertain Congress's reasons for writing the statute the way it did.

Beyond that, the Court trusts that when Congress explicitly defines a term in a statute, it intends that definition to govern the use of the term. Such an intent is even more apparent in a notably short section of the statute. Here, if Congress wanted Section 78u-6(h)(1)(A) to apply to any person engaged in the listed activity, rather than only to statutorily defined "whistleblowers," it would have used the term "any person." Or "employee," or "individual," or one of many other alternatives.

Because Plaintiff does not qualify as a whistleblower under Dodd-Frank, she fails to state a claim for retaliation. Therefore the Motion to Dismiss is GRANTED as to her Dodd-Frank

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-0928 AG (JCx) | Date | September 8, 2015 |
|---|---|---|---|
| Title | JENNIFER DAVIES v. BROADCOM CORPORATION | | |

claim. The Court need not address the other arguments concerning this claim.

### 2.2 Claim Two – Violation of Equal Pay Acts

Defendant next argues that Plaintiff fails to state a claim under the federal and state Equal Pay Acts because (1) there are insufficient allegations that the man who replaced her in the Legal Department had similar job responsibilities, (2) she didn't hold the position at the same time as the man who replaced her, and (3) the man who replaced her had a different job title. None of these arguments are persuasive.

"To make out a case under the Equal Pay Act, a plaintiff must prove that an employer is paying different wages to employees of the opposite sex for equal work." *Hein v. Oregon College of Educ.*, 718 F.2d 910, 913 (9th Cir. 1983). In this case, Plaintiff alleges that "[d]espite performing the same job functions," the man who replaced her received more than three times the value of equity that she received and significantly higher bonuses. (UC ¶ 24.)

Contrary to Defendant's arguments, Plaintiff's claims are not defective merely because the man who replaced her had a different job title and held the position at a different time. Defendant argues that these allegations show that the two jobs were different, but this argument discounts that a person holding a different job title at a different time can nonetheless perform the same duties. Plaintiff alleges not only that her replacement took over her duties, but also that those duties were eventually reduced. These allegations are sufficient to survive a motion to dismiss. *See Chepak v. Metro. Hosp.*, 555 F.App'x 74, 76 (2d Cir. 2014) (holding sufficient plaintiff's allegations under the Equal Pay Act that her male predecessors did the same job for more pay, despite their having different job titles).

The Court is similarly unconvinced by Defendant's argument that Plaintiff must more specifically allege her job duties and those of her replacement. She alleges that she worked in the Legal Department as a Senior Director specializing in employment law, that she was replaced by a man, and that her replacement performed the same (and ultimately lesser) duties. At this early stage, that is enough.

The Motion is DENIED as to Claim Two.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-0928 AG (JCx) | Date | September 8, 2015 |
|---|---|---|---|
| Title | JENNIFER DAVIES v. BROADCOM CORPORATION | | |

### 2.3 Claim Nine – Fraud

Defendant argues that the Court should dismiss Plaintiff's fraud claim because the elements of the claim are insufficiently pled and the claim is subject to the exclusive remedy provided by California's workers compensation statutes. The Court agrees that Plaintiff's fraud allegations lack the requisite specificity, and thus does not reach the workers compensation argument.

The elements of fraud are (1) misrepresentation, (2) scienter, (3) intent to defraud, (4) justifiable reliance, and (5) resulting damage. *Lazar v. Superior Court*, 12 Cal.4th 631, 638 (1996). Federal Rule of Civil Procedure 9(b) requires that to allege fraud, "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Factual allegations must include "the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007).

Plaintiff alleges that Defendant defrauded her twice by promising her promotions to vice president if she agreed to change positions. (UC ¶¶ 102-106.) She only vaguely identifies the time ("in or about 2012" and "in or about March 2014") of the alleged misrepresentations and fails completely to identify the places. These allegations are insufficient to satisfy Rule 9(b).

The Motion is GRANTED as to Claim Nine.

### 2.4 Claim Ten – Negligent Misrepresentation

Defendant next argues that Plaintiff's negligent misrepresentation claim should be dismissed because (1) it is subject to the exclusive remedy provided by California's workers' compensation statutes and (2) it is based on intentional, not negligent, conduct. The Court agrees that Plaintiff's allegations do not support a claim for negligent misrepresentation because the conduct at issue is intentional management conduct. *See Cole v. Fair Oaks Fire Protection Dist.*, 43 Cal. 3d 148, 160 (1987) ("An employer's supervisory conduct is inherently 'intentional.'") But beyond that, allegations of a false promise do not support a negligent

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-0928 AG (JCx) | Date | September 8, 2015 |
|----------|----------------------|------|-------------------|

| Title | JENNIFER DAVIES v. BROADCOM CORPORATION |
|-------|----------------------------------------|

misrepresentation claim. *See Tarmann v. State Farm Mut. Auto Ins. Co.*, 2 Cal. App. 4th 153, 159 (Cal. Ct. App. 1991) (stating that a negligent misrepresentation claim cannot be premised on an honest but unreasonable intent to perform).

The Motion is GRANTED as to Claim Ten.

**3. Defendant's Motion to Compel Arbitration**

In its Motion to Compel Arbitration, Defendant argues that this case is covered by arbitration clauses in various stock-issuance agreements between Plaintiff and Defendant. Specifically, Plaintiff signed ten Restricted Stock Unit Issuance Agreements ("RSU Agreements") stating in relevant part:

> Any and all disputes or controversies between you and the Corporation arising out of, relating to, or otherwise connected with this Agreement or the award of Restricted Stock Units evidenced hereby or the validity, construction, performance or termination of this agreement shall be settled exclusively by binding arbitration.

The RSU Agreements cover various aspects of the stock awards, including the vesting schedule, forfeitability, transferability, and taxation of the awards. Defendant argues that this case must be sent to arbitration because the Complaint contains allegations that certain male employees unfairly received more stock than Plaintiff did. The Court disagrees.

**3.1 Legal Standard**

"Section 2 of the Federal Arbitration Act (FAA) makes agreements to arbitrate 'valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.'" *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1744 (2011) (quoting 9 U.S.C. § 2). The FAA "mandates that district courts *shall* direct parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Kilgore v. KeyBank, Nat. Ass'n*, 718 F.3d 1052, 1058 (9th Cir. 2013) (en banc) (quoting *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985)). The role of the court is to determine "(1)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-0928 AG (JCx) | Date | September 8, 2015 |
|---|---|---|---|
| Title | JENNIFER DAVIES v. BROADCOM CORPORATION | | |

whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Id.*

### 3.2 Analysis

Plaintiff makes numerous arguments against compelling arbitration, including that the provision is unconscionable. The Court need not reach all of these issues. Even assuming that the parties entered into a valid arbitration agreement, as Defendant contends, Plaintiff's claims are outside the scope of that agreement and are thus not subject to arbitration.

The Court recognizes that, particularly with broad arbitration clauses, "there is a presumption of arbitrability." *AT & T Technologies, Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986). Nonetheless, "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *Id.* at 648. It follows that "the question of arbitrability—whether [an] agreement creates a duty for the parties to arbitrate the particular grievance—is undeniably an issue for judicial determination." *Id.* Thus, before the Court can compel Plaintiff to arbitrate, it must determine whether the arbitration provisions extend to the dispute at issue. *See Kilgore*, 718 F.3d at 1058. Where, as here, the arbitration provision applies to any disputes "in connection with" the contract, the provision "reaches every dispute between the parties having a significant relationship to the contract and all disputes having their origin or genesis in the contract. *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 721 (9th Cir. 1999).

Here, the Court finds that Plaintiff's claims lack a significant relationship to the RSU Agreements. The RSU Agreements merely describe the shares awarded, the vesting schedule for those shares, and various shareholder rights or limitations of those rights. Plaintiff neither disputes Defendant's performance under those agreements nor her own obligations under them. Her claims are for discrimination and retaliation. Her allegation of disparate stock awards is but one of many alleged manifestations of this discrimination and retaliation. Indeed, Plaintiff also alleges unequal salaries, unequal job titles, overtly demeaning statements, and, at one point, that female employees were forced to walk a runway for male employees. These claims are not significantly related to the RSU Agreements.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-0928 AG (JCx) | Date | September 8, 2015 |
|----------|-----------------------|------|-------------------|
| Title | JENNIFER DAVIES v. BROADCOM CORPORATION | | |

Besides the RSU agreements, Plaintiff signed numerous broader agreements with Broadcom—including an employment agreement—that lack arbitration clauses. Given the exceedingly narrow scope of the RSU Agreements, the tenuous connection of these agreements to Plaintiff's claims against Defendant, and the lack of arbitration clauses in broader agreements, the Court cannot find that Plaintiff agreed to submit this case to arbitration.

The Motion to Compel Arbitration is DENIED.

**4. Motion to File an Unredacted Complaint**

Plaintiff seeks to file an unredacted complaint that would open to the public various allegations now redacted due to Defendant's assertions of confidentiality and privilege. Given the competing evidence presented by the parties, the Court finds that, at this stage, Defendant has made a sufficient showing that these allegations are privileged or confidential. Thus, at this early stage, the Motion is DENIED.

"[C]ourts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). This right, however, is not absolute. *Id.* at 598. A party seeking to seal records attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). The "compelling reasons" standard has also been applied to complaints. *See, e.g.*, *McCrary v. Elations Co., LLC*, EDCV 13-0242 JGB, 2014 WL 1779243, *6 (C.D. Cal. Jan. 13, 2014).

Plaintiff does not dispute that the attorney-client and work-product privileges are compelling reasons to redact a complaint, but rather argues that her allegations do not run afoul of those privileges. ███████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-0928 AG (JCx) | Date | September 8, 2015 |
|---|---|---|---|
| Title | JENNIFER DAVIES v. BROADCOM CORPORATION | | |

Courts employ an eight-part test to determine whether information is covered by the attorney-client privilege:

> (1) Where legal advice of any kind is sought (2) from a legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived.

*United States v. Graf*, 610 F.3d 1148, 1156 (9th Cir. 2010). The privilege extends to interviews conducted by non-attorneys at the behest of attorneys. *In re Kellogg Brown & Root, Inc.*, 756 F.3d 754, 758 (D.C. Cir. 2014).

At this stage, the evidence before the Court weighs in Defendant's favor. Defendant presents the declaration of Senior Deputy General Counsel Deann Work,

Plaintiff's declarations contradict this evidence,

At this early stage, where this dispute has essentially devolved into a he-said-she-said the Court will "resolve[ the dispute] in favor of the privilege, not in favor of disclosure." *United States v. Mett*, 178 F.3d 1058, 1065 (9th Cir. 1999).

Based on the present record, the Court DENIES the Motion.

But this does not end the Court's work on this unfortunate redaction sideshow that has

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | SACV 15-0928 AG (JCx) | Date | September 8, 2015 |
|----------|------------------------|------|--------------------|
| Title | JENNIFER DAVIES v. BROADCOM CORPORATION | | |

nothing to do with the merits of this case. At the hearing on the tentative of this Order, Defendant requested that portions of this Order be redacted. The Court is concerned about ensuring the public's right of access to court proceedings, and limiting the time expended dealing with redactions. The Court is also concerned that Plaintiff may use the threat of public disclosure improperly, and that Defendant may over-designate items to be protected. For the reasons already stated, the Court will–at this stage of the proceedings–redact this Order as requested. But the Court will require the parties to act professionally in the future.

## DISPOSITION

The Motion to Dismiss is GRANTED as to Claims One, Nine, and Ten, and DENIED as to Claim Two. The Motion to Compel Arbitration is DENIED. The Motion to File an Unredacted Complaint is DENIED. The Motion to File Amicus Brief is GRANTED.

Plaintiff may file an amended complaint within 30 days of this Order.

:  0

Initials of
Preparer

lmb