LYNNE C. HERMLE (STATE BAR NO. 99779)
JOSEPH C. LIBURT (STATE BAR NO. 155507)
LINDSEY CONNOR HULSE (STATE BAR NO. 258514)
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, California  94025
Telephone:   650-614-7400
Facsimile:    650-614-7401
lchermle@orrick.com
jliburt@orrick.com
lhulse@orrick.com

Attorneys for Defendant
BROADCOM CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER DAVIES,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>BROADCOM CORPORATION,<br><br>　　　　　Defendant. | Case No. 8:15-cv-00928-AG-JC<br><br>**DEFENDANT BROADCOM CORPORATION'S NOTICE OF MOTION TO DISMISS AND MOTION TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:　　November 23, 2015<br>Time:　　10:00 a.m.<br>Dept:　　10D<br>Judge:　　Hon. Andrew J. Guilford |

DEFENDANT'S NOTICE OF MOTION AND MOTION TO
DISMISS AND STRIKE PLAINTIFF'S FIRST AMENDED
COMPLAINT [ 8:15-CV-00928-AG-JC]

**TO THE PLAINTIFF JENNIFER DAVIES AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on November 23, 2015 at 10:00 a.m., or as soon thereafter as the matter may be heard, before the Honorable Andrew J. Gilford, in Courtroom 10D of the United State District Court, Central District, 411 W. 4th Street, Santa Ana, CA 92701, Defendant Broadcom Corporation will and hereby does move the Court for an order dismissing the eighth claim for relief from Plaintiff Jennifer Davies' First Amended Complaint ("FAC") pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6). The Court should dismiss the eighth claim for Fraud because it fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6).

Additionally, Broadcom moves to strike Davies' FAC pursuant to Federal Rules of Civil Procedure, Rule 12(f). Broadcom's motion to strike is based on the grounds that the following allegations are immaterial because they are barred by the applicable statute of limitations:

(1) Paragraph 20, Page 8, lines 8 – 15: "For example, in late 2011 or early 2012, before she was recruited to HR in February or March of 2012, Ms. Davies attended a meeting with Ms. Davies' then manager, the Deputy General Counsel, to discuss Ms. Davies' career path at Broadcom. The meeting took place in the Deputy General Counsel's office. During the meeting, Ms. Davies said that she was interested in advancing to the next level and becoming a vice president. The Deputy General Counsel, however, told Ms. Davies that her employment law position was not vice president eligible."

(2) Paragraph 22, Page 8, lines 22 - 28, and Page 9, lines 1 -2: "Ms. Davies expressed her dismay about the General Counsel's remarks to Ms. Timberman in February or March 2012 during a meeting in Ms.

1    Timberman's office. Understanding Ms. Davies' goal of becoming a vice
2    president, Ms. Timberman suggested that Ms. Davies move to Human
3    Resources. Specifically, Ms. Timberman offered to create a corporate-level
4    HR position for Ms. Davies. A few days later, before Ms. Davies accepted
5    the HR position, Ms. Davies and Ms. Timberman met again in Ms.
6    Timberman's office. At that time, Ms. Timberman stated that the HR position
7    would become a vice president position within two years."

8    (3) Paragraph 96 of the FAC, in its entirety

9    (4) Paragraph 97 of the FAC, in its entirety

10   Broadcom's Motion to Dismiss and Motion to Strike is based on this Notice
11   of Motion and Motion, the accompanying Memorandum of Points and Authorities,
12   the complete files and records in this action, any reply papers Broadcom may file,
13   any matters of which the Court takes judicial notice, and such materials or
14   argument as may be presented to the Court in conjunction with the hearing on this
15   motion.

16   This motion is made following the conference of counsel pursuant to Local
17   Rule 7-3, which took place both by email and oral conversation between October
18   16 and October 23, 2015.

19
20   Dated:  October 26, 2015                    LYNNE C. HERMLE
                                                  JOSEPH C. LIBURT
21                                                LINDSEY C. HULSE
                                                  Orrick, Herrington & Sutcliffe LLP
22

23                                                By:_____/s/Joseph C. Liburt_____
24                                                    JOSEPH C. LIBURT
                                                      Attorneys for Defendant
25                                                    Broadcom Corporation
26
27
28

### MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

In her First Amended Complaint, Plaintiff Jennifer Davies has tried to resuscitate her fraud claim by providing additional specificity.  The claim fails in entirety because it is barred by workers' compensation exclusivity.

Moreover, now that Davies has pled time periods for the alleged misrepresentations on which she bases her fraud claim, it is apparent that all but one of the alleged misrepresentations occurred more than three years before she filed her original Complaint, and are thus barred by the three-year statute of limitation for fraud.  The Court should strike these time barred alleged misrepresentations.

For all these reasons, and as discussed further below, Broadcom respectfully requests that the Court grant its Motion to Dismiss and Motion to Strike.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

Davies worked for Broadcom from approximately October 2006 to September 2014.  Until approximately April 2012, she served as Broadcom's in-house employment counsel.  Davies then transferred to the Human Resources department.  First Amended Complaint ("FAC"), ¶¶ 6, 22, 47.

On June 11, 2015, Davies filed a complaint against Broadcom and asserted ten claims for relief: (1) Violation of the Dodd-Frank Act (15 U.S.C. § 78u-6); (2) Wage Discrimination (Violation of 29 U.S.C. § 206(d) and California Labor Code § 1197.5); (3) Retaliation (29 U.S.C. § 215(a)(3)); (4) Gender Discrimination (California Government Code § 12940(a)); (5) Failure to Prevent Discrimination (California Government Code § 12940(k)); (6) Retaliation (California Government Code § 12940(h)); (7) Retaliation (California Labor Code § 1102.5); (8) Wrongful Termination in Violation of Public Policy; (9) Fraud; and, (10) Negligent Misrepresentation.  Complaint, ¶¶ 49 – 117.

The Court granted Broadcom's Motion to Dismiss the fraud claim, with leave

1  to amend, on the ground that Davies did not plead fraud with the required

2  specificity.

3        On October 8, 2015, Davies filed a First Amended Complaint asserting eight

4  claims for relief: (1) Wage Discrimination (Violation of 29 U.S.C. § 206(d) and

5  California Labor Code § 1197.5); (2) Retaliation (29 U.S.C. § 215(a)(3)); (3)

6  Gender Discrimination (California Government Code § 12940(a)); (4) Failure to

7  Prevent Discrimination (California Government Code § 12940(k)); (5) Retaliation

8  (California Government Code § 12940(h)); (6) Retaliation (California Labor Code

9  § 1102.5); (7) Wrongful Termination in Violation of Public Policy; and (8) Fraud.

10  FAC, ¶¶ 49 – 104.  Davies seeks, *inter alia*, "emotional distress damages" in her

11  Prayer for Relief.

12        Davies has attempted to plead the fraud claim with more specificity. Davies

13  alleges that Broadcom falsely represented in a meeting that her position in the

14  employment law section was not eligible for a promotion to vice president, and that

15  this meeting "took place in late 2011 or early 2012, before she was recruited to HR

16  in February or March of 2012."  FAC, ¶¶ 20, 96.  Davies further alleges that

17  Broadcom falsely represented in two meetings that Davies would be promoted to

18  vice president if she transferred to Human Resources, and that these meetings "took

19  place in February or March of 2012." FAC, ¶¶ 22, 97.  These alleged

20  representations all occurred more than three years before Davies filed her original

21  complaint in June 2015.

22  **III.**  **ARGUMENT**

23      **A.**  **Legal Standard**

24        Under Federal Rules of Civil Procedure, Rule 12(b)(6), the Court should

25  grant a motion to dismiss for failure to state a claim on which relief can be granted

26  where "the plaintiff would not be entitled to relief under any set of facts that could

27  be proved."  *Wool v. Tandem Computers Inc.*, 818 F.2d 1433, 1439 (9th Cir. 1987).

28

1    Because California's workers' compensation system provides the exclusive remedy

2    for certain claims, a defendant may properly move to dismiss a claim on these

3    grounds. *Kacludis v. GTE Sprint Communications Corp.*, 806 F.Supp. 866, 871-

4    872 (N.D. Cal. 1992)

5           Under Federal Rules of Civil Procedure, Rule 12(f), "[t]he court may strike

6    from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter."

7    Immaterial matter "is that which has no essential or important relationship to the

8    claim for relief or the defenses being pleaded." *Cal. Dept. of Toxic Substance*

9    *Control v. ALCO Pac., Inc.*, 217 F.Supp.2d 1028, 1032 (C.D. Cal. 2002).  The

10   Ninth Circuit has held that "[t]he function of a 12(f) motion to strike is to avoid the

11   expenditure of time and money that must arise from litigating spurious issues by

12   dispensing with those issues prior to trial." *Fantasy, Inc. v. Fogerty*, 984 F.2d

13   1524, 1527 (9th Cir. 1993).

14          Grounds for a motion to strike must appear on the face of the pleading or

15   from matters that a court may judicially notice. *Id.* at 1528.  The Court may

16   properly strike allegations from a complaint where allegations are barred by the

17   applicable statute of limitations. *Id.* at 1527.

18          **B.      The Fraud Claim Is Preempted By Workers' Compensation.**

19          Davies alleges that during her employment, Broadcom made intentional

20   misrepresentations in relation to her employment, specifically in regard to her being

21   promoted to vice president.  FAC, ¶¶ 95 - 102.  Intentional misrepresentation claims

22   in the employment context are governed by the workers' compensation statutes,

23   which provide the exclusive remedy.  *Kacludis, supra,* 806 F.Supp. at 872

24   (dismissing intentional misrepresentation claim based on workers' compensation

25   exclusivity); *Miklosy v. Regents of the University of California*, 44 Cal. 4th 876,

26   902-903 (2008) (workers' compensation is exclusive remedy for injury occurring in

27   normal course of employer-employee relationship).

28

Davies' alleged injury of not being promoted is a normal part of the employment relationship and a risk encompassed within the compensation bargain. As recited in *Kacludis,* the California Supreme Court has held that "promotions" are a normal part of the employment relationship.  *Kacludis, supra*, 806 F.Supp. at 870.  Davies is complaining about not being promoted to vice president.  FAC, ¶¶ 98, 99, 101, 102.

Davies cannot avoid workers' compensation preemption on her fraud claim because she alleges *misrepresentations* concerning promotion.  In *Kacludis*, the court held the fraud claim was preempted by workers' compensation exclusivity based on alleged "statements by a supervisor to an employee concerning the supervisor's intent to assist in finding replacement employment."  *Kacludis*, *supra*, 806 F. Supp. at 871.  The alleged statements here are not functionally distinguishable.  Nor as a matter of common sense can it be true that a supervisor's statements about possible promotion are not a normal part of the employment relationship, or that an employer is "no longer acting as an 'employer,'" *Charles J. Vacanti, M.D., Inc. v. State Comp. Ins. Fund*, 24 Cal.4th 800, 820 (2001), if a supervisor discusses possible promotion.

## C.   The Court Should Strike The Alleged Misrepresentations in Plaintiff's Fraud Claim That Are Time Barred.

A party must bring "an action for relief on the ground of fraud or mistake . . . within three years."  Cal. Code Civ. Proc. § 338(d).  Davies alleges that Broadcom committed fraud based on allegedly false representations made in "late 2011 or early 2012, before she was recruited to HR in February or March of 2012" and also in "February or March of 2012."  FAC, ¶¶ 96, 97.  Davies did not file her original complaint until June 11, 2015, Complaint, ¶ 102; FAC, ¶¶ 96, 97, which is more than three years after the alleged misrepresentations.  Accordingly, these alleged misrepresentations are barred by the statute of limitation and should be stricken.

1        The allegations of paragraphs 96 and 97, and portions of paragraphs 20 and

2  22, are time barred and the Court should strike them from the FAC. *See Fantasy,*

3  *Inc., supra,* 984 F.2d at 1527 (affirming district court's order striking allegations

4  that fall outside the claim's statute of limitations).

## IV.  <u>CONCLUSION</u>

6        Based on the foregoing, Defendant Broadcom Corporation requests that the

7  Court grant its Motion to Dismiss the eighth claim for Fraud from Plaintiff Jennifer

8  Davies' First Amended Complaint, and grant its Motion to Strike Plaintiff Jennifer

9  Davies' First Amended Complaint as described herein.

Dated:  October 26, 2015        LYNNE C. HERMLE
                                    JOSEPH C. LIBURT
                                    LINDSEY C. HULSE
                                    Orrick, Herrington & Sutcliffe LLP

                                    By:             /s/Joseph C. Liburt
                                                JOSEPH C. LIBURT
                                              Attorneys for Defendant
                                                Broadcom Corporation