ALAN A. GREENBERG, State Bar No. 150827
 *AGreenberg@GGTrialLaw.com*
WAYNE R. GROSS, State Bar No. 138828
 *WGross@GGTrialLaw.com*
ADRIANNE E. MARSHACK, State Bar No. 253682
 *AMarshack@GGTrialLaw.com*
LEANNA COSTANTINI, State Bar No. 294028
 *LCostantini@GGTrialLaw.com*
GREENBERG GROSS LLP
650 Town Center Drive, Suite 1750
Costa Mesa, California 92626
Telephone: (949) 383-2800
Facsimile: (949) 383-2801

Attorneys for Plaintiff JENNIFER DAVIES

LYNNE C. HERMLE, State Bar No. 99779
 *Lchermle@orrick.com*
JOSEPH C. LIBURT, State Bar No. 155507
 *Jliburt@orrick.com*
LINDSEY CONNOR HULSE, State Bar No. 258514
 *Lhulse@orrick.com*
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, California 94025
Telephone: (650) 614-7400
Facsimile: (650) 614-7401

Attorneys for Defendant BROADCOM CORPORATION

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| JENNIFER DAVIES, an individual,<br><br>      Plaintiff,<br><br>      v.<br><br>BROADCOM CORPORATION, a California corporation,<br><br>      Defendant. | Case No. SACV15-928 AG (JCx)<br><br>**JOINT RULE 26(f) REPORT**<br><br>Scheduling Conference<br>Date:   November 30, 2015<br>Time:   9:00 a.m.<br>Crtrm.: 10D |

The parties to this litigation, in accordance with Federal Rule of Civil Procedure 26(f), conducted an Early Meeting of Counsel on October 16, 2015. In further compliance with Rule 26(f) and Rule 26-1 of the Local Rules of this Court, Plaintiff Jennifer Davies ("Ms. Davies") and Defendant Broadcom Corporation ("Broadcom") hereby submit this Joint Rule 26(f) Report.

**1.    Initial Disclosure of Witnesses and Documents**

The parties have agreed that Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) will take place on or before November 2, 2015.

**2.    Subjects on Which Discovery Will Be Needed**

**A.    Discovery Sought by Ms. Davies**

Ms. Davies intends to seek discovery that will include, without limitation, the following subjects:

(1) Broadcom's compensation and promotion decisions, and other personnel decisions;

(2) the events described in the First Amended Complaint (the "Complaint");

(3) the investigations referenced in the Complaint;

(4) Broadcom's decision to shut down the Mobile Platform Services unit;

(5) Broadcom's selection of employees to retain at the company after the acquisition by Avago; and

(6) other similar acts of discrimination and retaliation.

Ms. Davies intends to depose witnesses to the events at issue, as well as other current or former Broadcom employees with information related to the allegations in the Complaint. Ms. Davies further intends to seek discovery of information related to any affirmative defenses raised by Broadcom.

**B.     Discovery Sought by Broadcom**

At this time, Broadcom anticipates conducting the following discovery:

(1)     Depositions of Plaintiff Jennifer Davies; Plaintiff's medical and psychiatric/psychological/therapy providers; and other witnesses and/or current and former employees of Broadcom with information relevant to Broadcom's defenses or Plaintiff's allegations as to liability and/or damages.

(2)     Subpoena Plaintiff's current and former employment and personnel records, as well as Plaintiff's medical and psychiatric/psychological/therapy records;

(3)     Propound written discovery and document requests related to Plaintiff's allegations in the First Amended Complaint; Plaintiff's mitigation of damages; Plaintiff's claim of emotional distress and economic damages; and other information related to Broadcom's defenses.

**3.     Changes to the Amount of Discovery Allowed By the Federal Rules**

While Ms. Davies does not yet know the exact number of witnesses she intends to depose, she believes that more than 10 depositions are likely to be necessary.

Broadcom believes that each side will not need more than 10 depositions, but agrees to meet and confer with Ms. Davies in good faith regarding additional depositions.

Broadcom further believes that it will be necessary and appropriate to conduct the deposition of Plaintiff Jennifer Davies beyond the seven-hour limit imposed by the Federal Rules, and has requested that Plaintiff meet and confer on this issue prior to Broadcom seeking judicial intervention.

The parties agree that it is unlikely that written discovery beyond what is permitted by the Federal Rules will be necessary, but also agree to meet and confer in good faith should either party come to believe that additional written discovery is warranted.

**4. Discovery Cutoff**

The parties agree that all non-expert discovery will be completed by May 23, 2016, which is 120 days before the proposed trial date of September 20, 2016. The parties further agree that, in accordance with the Court's standing Scheduling Order, the last day to serve written discovery will be forty-five (45) days before the discovery cutoff date, which is April 8, 2016, and the last day to serve discovery motions will be thirty (30) days after the discovery cutoff date, which is June 22, 2016.

**5. Expert Witnesses**

The parties agree that expert disclosures will be completed, in accordance Federal Rule of Civil Procedure 26(a)(2), 90 days before the proposed trial date of September 20, 2016, which is June 22, 2016. The parties are aware that the Court typically requires initial expert reports to be exchanged 120 days before trial rather than the 90 days referenced herein, but agree that the time afforded by Rule 26(a)(2) is adequate in this case.

The parties agree that any rebuttal expert witnesses will provide their reports 60 days before the proposed trial date of September 20, 2016, which is July 22, 2016.

**6. Electronically Stored Information**

The parties do not anticipate any issues arising in connection with the electronically stored information ("ESI") that cannot be resolved between the parties. The parties agree that all ESI will be produced in the following format:

(i) Load file prepared in Concordance DAT format, with the following specifications:

    (a) The first line of the DAT file must be a header row;

    (b) Fields for metadata gleaned from processing of natives

should be included (to the extent applicable):

Production Beg Doc
Production End Doc
Production Beg Attach
Production End Attach
Document Type
Original File Path
Full Text Path
MD5 / SHA1 Hash Value
Native Link
Redacted Document?  Y/N
Custodian
Duplicate Custodian
Author
From
To
CC
BCC
Subject
Title
Date Created
Time Created
Last Modified Date
Last Modified Time
Sent Date
Sent Time
Date Received
Time Received

  (c) Date fields should be in mm/dd/yyyy format;

  (d) Productions with emails should contain an ATTACHMENT field to preserve the parent/child relationship between an email and its attachments;

  (e) For productions with native files, a NATIVELINK field must be included in the DAT to provide a relative path to the native file on the produced storage media; and

  (f) An OCRPATH field must be included to provide a relative path to the extracted text files on the produced storage media.

 (ii) An Image Reference/OPT cross-reference file that links images to

        records in the database in OPT format.

(iii) Image file in PDF format (for production to Ms. Davies' counsel) or TIFF format (for production to Broadcom's counsel) with at least 300 DPI resolution, with the following specifications:

    (a) All images should be unitized at the document level, i.e., each PDF should represent a discrete document;

    (b) Each image should be named by its beginning Bates number;

    (c) All images must be endorsed with sequential Bates numbers in the lower right corner of each page;

    (d) Bates numbers should not contain any special characters including spaces and commas;

    (e) For Excel spreadsheets, a placeholder image containing the Bates number should be included in lieu of an imaged version of the spreadsheet, along with the native Excel file; and

    (f) Media files (audio, video, etc.) should be produced natively along with a placeholder image containing the Bates number.

(iv) Copies of original email and native file documents/attachments with the following specifications:

    (a) Native files must be named by beginning Bates number;

    (b) The relative path to the native file must be included in the DAT file for the NATIVELINK field;

    (c) Documents/Files with redactions do not need to be produced in native format;

(v) OCR/Extracted Text produced as separate text files, not fields within the DAT file, and with the following specifications:

    (a) OCR text files must be named by beginning Bates number; and

    (b) The relative path to the text file must be included in the OCRPATH field of the DAT file.

**7. Claims of Privilege**

    **A. The Dispute Over the Applicability of Privilege to Information Redacted from the Pleadings**

        1. <u>Ms. Davies' Position</u>

As set forth in the parties' papers submitted on the Motion to Allow the Filing of the Unredacted Complaint (the "Motion"), Broadcom contends that information related to investigations Ms. Davies conducted at Broadcom are subject to the attorney-client privilege. Ms. Davies contends that the investigations were not conducted for the purpose of obtaining legal advice and disagrees that such information is privileged.

On September 8, 2015, the Court denied the Motion without prejudice, and made no finding as to whether the information to be redacted from the Complaint is discoverable or not.

To avoid unnecessary motion practice, Ms. Davies has proposed a stipulation by which Ms. Davies would agree, in exchange for Broadcom's production of the purportedly privileged documents, that no waiver would result under Federal Rule of Evidence 502 from Broadcom's production of those documents in this litigation. As such, Broadcom would retain its right to demonstrate that such documents are privileged and Ms. Davies will retain her right to argue that they are not.

        2. <u>Broadcom's Position</u>

Broadcom maintains that the redacted information in Plaintiff's complaints is protected by the attorney-client privilege, attorney work product doctrine, and/or confidentiality. Broadcom does not agree to Plaintiff's proposal that Broadcom reveal attorney-client privileged information.

    **B. The Parties Agree to a Clawback Provision in Discovery**

The parties agree that they will enter into a "clawback agreement," which shall provide that the inadvertent production of privileged or protected material shall not constitute or be deemed a waiver of any applicable privilege or protection, so

long as the provisions of Rule 502 of the Federal Rules of Evidence are satisfied. Should there be a dispute as to whether material inadvertently disclosed is privileged, the party claiming the privilege shall bear the burden of establishing such privilege.  In addition to the requirements of Federal Rule of Civil Procedure 26(b)(5)(B), if a party receives in discovery or otherwise a document that it reasonably believes upon initial examination (a) contains privileged or protected information of the other party and (b) may have been produced inadvertently, the receiving party shall immediately stop reviewing such document and shall promptly notify the other party that a privileged or protected document may have been produced inadvertently; thus allowing the producing party to seek relief under Federal Rule of Civil Procedure 26(b)(5)(B).

**8.     Other Discovery Orders the Court Should Issue**

The parties anticipate that a protective order will be required in this matter.

On October 13, 2015, Ms. Davies sent Broadcom a draft Stipulated Protective Order which Broadcom is still considering.  The parties anticipate being able to work together to draft a protective order acceptable to all parties.  Once a protective order is agreed upon, it will be submitted to the Court.  If the parties are unable to agree on a suitable protective order, the parties will submit their respective proposals in accordance with Local Rules 37-1 through 37-4.

**9.     Manual for Complex Litigation**

The Manual for Complex Litigation is not necessary or appropriate in this case.

**10.    Motion Schedule**

Ms. Davies intends to renew, at an appropriate time, her Motion to File an Unredacted Complaint, and may file a motion for summary for summary judgment.

Broadcom has filed a Motion to Dismiss and Strike the 8th Claim for Relief for Fraud in the First Amended Complaint. Broadcom anticipates filing a motion for summary judgment and/or summary adjudication.

The parties do not believe that any changes should be made to the Court's requirement that any summary judgment motion must be heard no later than 25 days before the final pre-trial conference.

## 11. Alternative Dispute Resolution

Following the completion of a substantial portion of the contemplated discovery, Plaintiff Jennifer Davies has requested that the parties follow ADR Procedure No. 1, which calls for settlement conference before the magistrate judge assigned to the case. Broadcom is evaluating this ADR option and is agreeable to this option or private mediation.

## 12. Trial Estimate

Ms. Davies has requested a jury trial. Broadcom does not oppose this request.

Ms. Davies estimates that trial of this matter will take 4 weeks.

Broadcom estimates that trial of this matter will take 2-3 weeks.

## 13. Additional Parties

Neither Ms. Davies nor Broadcom anticipates adding any other parties to this action at this time.

## 14. Proposed Pretrial Schedule and Trial Date

Based upon the foregoing, the parties jointly propose the following pretrial schedule:

| Event | Proposed Date |
|---|---|
| Initial disclosures | November 2, 2015 |

| Event | Proposed Date |
|---|---|
| Last day to serve written discovery | April 8, 2016 |
| Non-expert discovery cutoff | May 23, 2016 |
| Initial expert report due | June 22, 2016 |
| Last day to serve discovery motions | June 22, 2016 |
| Last day for hearing on Motion for Summary Judgment | July 15, 2016 |
| Rebuttal expert report due | July 22, 2016 |
| Expert deposition cutoff | August 14, 2016 |
| Final Pre-Trial Conference | September 6, 2016 |
| Trial | September 20, 2016 |

DATED:  October 30, 2015          GREENBERG GROSS LLP


                                  By:      /s/ Alan A. Greenberg
                                      Wayne R. Gross
                                      Alan A. Greenberg
                                      Adrianne E. Marshack
                                      Leanna Costantini
                                      Attorneys for Plaintiff JENNIFER
                                      DAVIES


DATED:  October 30, 2015          ORRICK, HERRINGTON & SUTCLIFFE LLP


                                  By:      /s/ Lynne C. Hermle
                                      Lynne C. Hermle
                                      Joseph C. Liburt
                                      Lindsey Connor Hulse
                                      Attorneys for Defendant BROADCOM
                                      CORPORATION