UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | SACV 15-0928 AG (JCx) | Date | November 4, 2015 |
|---|---|---|---|
| Title | JENNIFER DAVIES v. BROADCOM CORPORATION | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|

| Proceedings: | [IN CHAMBERS] ORDER DENYING EX PARTE APPLICATION TO UNREDACT PORTIONS OF PLAINTIFF'S FIRST AMENDED COMPLAINT |
|---|---|

Before the Court is "Defendant Broadcom Corporation's Ex Parte Application to Unredact Portions of Plaintiff's First Amended Complaint." ("Application," Dkt. No. 92.) Plaintiff Jennifer Davies filed an Opposition, but a curious one. ("Opp'n," Dkt. No. 93.) Plaintiff Davies "does not oppose the order Broadcom seeks through the ex parte application, Ms. Davies objects to Broadcom's abuse of the ex parte procedure." (*Id.* at 1.)

"Ex parte motions are rarely justified . . . ." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). To justify ex parte relief,

> [f]irst, the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures. Second, it must be established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-0928 AG (JCx) | Date | November 4, 2015 |
|----------|------------------------|------|-------------------|
| Title | JENNIFER DAVIES v. BROADCOM CORPORATION | | |

*Id.* Ex parte relief also raises due process concerns. *See Fuentes v. Shevin*, 407 U.S. 67, 80-82 (1972) (due process requires that affected parties "are entitled to be heard" following "meaningful" notice, except in "extraordinary situations"); *see also Sniadach v. Family Fin. Corp. of Bay View*, 395 U.S. 337, 339–40 (1969) ("[T]he right to be heard has little reality or worth unless one is informed that the matter is pending and can choose for himself whether to appear or default, acquiesce or contest.").

The Court agrees with Plaintiff that an ex parte application is inappropriate here. Tellingly, although Defendant lays out the reasons that the First Amended Complaint should be filed without redactions, Defendant sets forth no reasons why it needed to force Plaintiff's counsel—and the Court—to drop everything and respond to this request through an ex parte application. This is especially true when Plaintiff's counsel asked Defendant why Defendant was "filing an ex parte application rather than submitting a stipulation?" (Decl. of Michael I. Katz, Ex. A.) Instead, why no stipulation? This is far from the "extraordinary situation[]" requiring ex parte relief.

The Court therefore DENIES the Ex Parte Application. Going forward, the Court suggests that the parties think twice before filing an ex parte. After all, you know what they say about the child who cried wolf.

|  |  | : | 0 |
|--|--|---|---|
| Initials of Preparer | lmb | | |